MILES HAYES, Appellant, *v.* THEODOR DURHAM, Respondent.

Third Department, January 5, 1921.

**Sales — breach by purchaser of agreement extending time for acceptance — complaint in action to recover difference between price of resale and original sale stating cause of action under Personal Property Law, section 145 — amount of verdict.**

A purchaser by refusing to accept goods under a mutual agreement extending the time, loses all benefits under said agreement and stands with notice that a resale will take place and that he will be charged with any loss resulting therefrom.

A complaint in an action for the breach of a contract for the sale of buckwheat flour which, in substance, alleged the sale, the refusal of the defendant to take the flour within the extended time, and that the plaintiff in good faith, with due diligence after notice sold said flour for account of the defendant for the best price that could then and there be obtained, asking judgment for the difference between the price of the resale and the original sale, states a cause of action within section 145 of the Personal Property Law, and it was error for. the trial court to hold in substance, that under section 141 of the Personal Property Law this was not a case for resale, and that the complaint was insufficient under section 145.

The plaintiff, under the circumstances, was entitled to a substantial verdict, but it would not be inequitable to deduct the cost of grinding.

APPEAL by the plaintiff, Miles Hayes, from a judgment of the Supreme Court in his favor for six cents damages and costs, entered in the office of the clerk of the county of Albany on the 14th day of January, 1920, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the same day, denying plaintiff's motion for a new trial made upon the minutes.

*Earl Barkhuff,* for the appellant.

*Alexander Bloch,* for the respondent.

JOHN M. KELLOGG, P. J.:

November 11, 1918, the defendant bought, and the plaintiff agreed to sell, 60,000 pounds of pure buckwheat flour at six dollars and fifty cents per 100 f. o. b. Altamont, N. Y., bulk basis, for shipment last week in November, sooner if possible.

November twenty-second the defendant refused to take the flour and expressed a willingness to pay cancellation price, and on November thirtieth the plaintiff notified the defendant that unless he took the flour pursuant to the contract he would sell the same in the open market and expect him to pay any loss resulting therefrom. Thereupon it was mutually agreed that the time of performance should be extended sixty days from December first. In the latter part of January the defendant notified the plaintiff that he would not receive the flour. · Defendant, by breaching the extended agreement, lost all benefits under it and stood with notice that a resale would take place and that he would be charged with any loss resulting therefrom.

According to the custom with reference to the sale of buckwheat flour, the buckwheat is not ground until about the date of delivery. The plaintiff had on hand, at the time of the first and second refusal, sufficient buckwheat with which to make the flour. It could be ground in three days time, or by working extra shifts in less time. The cost of grinding is seventy-five dollars. Immediately after the agreement to sell, buckwheat flour declined in price, and in January and February and the early part of March there was no real market for carload lots. From the time of the January notice that the defendant would not take the flour, the plaintiff did his best to market it, but without avail, and continued to hold the necessary amount of buckwheat to fill the contract. The first opportunity to sell the flour occurred about March nineteenth, when it was sold by the plaintiff, in good faith, for the best price he could get for it, and this action is brought by the plaintiff to recover his damages. The sale then made was for two carloads, the plaintiff purchasing the buckwheat for the extra carload. Evidently there was a profit from grinding buckwheat into flour. The difference between the contract price and the price at which the flour was actually sold by the plaintiff was $2,042.70, and the plaintiff's action to recover the same has resulted in a judgment in his favor of six cents damages, with costs in favor of the defendant. As we understand, this unusual result has come from the form of the plaintiff's complaint, the court holding, in substance, that under section 141 of the Personal Property Law this was not a case for resale; that a recovery could be had only under subdivision 4 of section 145 and that the complaint was insufficient for that purpose, and plaintiff was denied the right to amend the complaint to conform to the proofs. Plaintiff was also denied the right to show the value of buckwheat, and the evidence as to the value of buckwheat flour and as to the resale was stricken from the record. The complaint, in substance, alleged the sale, the refusal to take the flour within the extended time and that the plaintiff, in good faith, with due diligence, after notice, " sold said flour for account of defendant for the best price that could then and there be obtained, to wit, the sum of $1,857.30, leaving a balance due to the plaintiff from

the defendant of $2,042.70, no part of which has been paid."
Evidently the pleader had in mind that the defendant was
liable for the difference between the price of the resale and the
original sale.

A complaint need not be a model; its object is to inform
the defendant of the claim made against him. It is to be
liberally construed to promote substantial justice, the reason-
able intendments being in favor of the pleader. This com-
plaint makes it apparent that the actual value of the flour
was only $1,857.30 and that the plaintiff was seeking to
recover the difference between that sum and the contract
price. The defendant could not have misunderstood the claim
made against him, and must have been in court ready to meet
a claim for any legal damage coming to the plaintiff, based
upon the difference between the contract price and the value
of the flour. As we have seen, there was no substantial
market for the flour until the time of the resale. Manifestly
the resale price was the best price that could have been obtained
for the flour after the January repudiation of the contract.
The complaint shows the contract price and fairly shows the
price most favorable to the defendant after the breach of
the extended contract. It is unnecessary here to consider
whether or not the case fell within the provisions of section
141. The facts as alleged bring the case fairly within section
145. It may be that as to the market price the plaintiff
pleaded evidence. The resale, upon the facts proved, was
some evidence of value, when we consider that there was no
real market until then. The plaintiff had, however, notice
before the buckwheat was ground that the defendant would
not take the flour. It was his duty, so far as he reasonably
could, to mitigate or at least not increase the damage which
would fall upon the defendant. The cost of grinding appar-
ently added seventy-five dollars to the value of the buckwheat
when it became flour, and the defendant probably gets the
benefit of that in estimating the market value, but under the
circumstances surrounding the case it would not be inequi-
table to deduct from the plaintiff's damage the cost of grinding.
It was error to strike from the record the evidence as to a
resale, as in any event it tended to show the market value of
the flour; to prevent the plaintiff from showing the value of

the flour and of the buckwheat and to direct a verdict for nominal damages in favor of the plaintiff, against his objection, thus sacrificing his rights if he proved to be in error as to the effect of the pleadings. Upon the evidence the plaintiff was entitled to a substantial verdict.

The judgment should, therefore, be reversed and a new trial granted, with costs to the plaintiff to abide the event.

All concur, COCHRANE, J., with an opinion.

COCHRANE, J. (concurring):

The gravamen of the action is the breach of contract by the defendant. The plaintiff both alleged and proved a complete cause of action. He likewise proved or attempted to prove damages. A recovery was denied him because in his complaint he mistook the correct measure of damages. " It is not material that the plaintiff did not demand the precise damages to which he was entitled, or that he mistook the true rule of damages in his complaint. The complaint averred a legal wrong and a resulting pecuniary injury, and it was competent for the court, under the complaint, to adjust the recovery upon the true, basis." (*Colrick* v. *Swinburne*, 105 N. Y. 503, 507; *Williams* v. *Conners*, 53 App. Div. 599, 601; *Sussdorff* v. *Schmidt*, 55 N. Y. 319, 324; *Isman* v. *Loring*, 130 App. Div. 845, 852.) The damages sought to be recovered were not special but general and I think the trial justice should have permitted a recovery therefor even though an improper measure of such damages may have been unnecessarily alleged in the complaint.

On another theory I think a recovery should have been allowed to the plaintiff. The manifest purpose of subdivision 4 of section 145 of the Personal Property Law (as added by Laws of 1911, chap. 571) is to prevent the seller from enhancing his damages by doing something in execution of the contract after its repudiation. There is nothing in the statute which prevents the seller from adopting the measure of damages indicated in the complaint except that they must be limited to such an amount as he " would have suffered if he did nothing toward carrying out the contract or the sale after receiving notice of the buyer's repudiation or countermand." That is a matter of evidence. I think, therefore, the plaintiff

had a right to develop all the facts and to apply to them the measure of damages he indicated in his complaint limited in amount, however, as indicated in the statute. In other words, that statutory limitation applies to the amount of the damages rather than to the method of establishing them.

The judgment should be reversed.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.