PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Appellant, *v.* J. PIERPONT MORGAN and Others, Respondents.

First Department, January 27, 1922.

**Bills and notes — certificate agreeing to deliver government bond to bearer when bond should be issued not negotiable instrument — action by assignee of certificate to compel delivery of bond and for damages — complaint alleging that plaintiff is lawful owner and holder — motion to make definite and certain denied.**

A certificate issued by the defendants certifying that the bearer was entitled to receive a bond of the Kingdom of Belgium when, " as and if delivered to them in definitive form by the obligor, and upon surrender of and in exchange for the certificate," and which further provided that every taker and holder agreed that the defendants might treat the bearer of the certificate as the absolute owner thereof for all purposes, and that the

defendants should not be affected by any notice to the contrary, is not a negotiable instrument.

But said certificate approximates a negotiable instrument and in some respects the same rules apply.

The allegation in the complaint, in an action by an assignee by delivery of the certificate to compel delivery of the bonds and for damages, that the plaintiff became " and still is the lawful owner and holder thereof " is not a mere statement of a conclusion of law, but is an allegation of an ultimate fact predicated on the other facts alleged that the certificate for value in the regular course of business came into the possession of the plaintiff; it was not necessary for the plaintiff to trace the sources of his title and set them out in the complaint.

And, therefore, since under a general denial of the allegations of ownership the defendant could show any defect in the plaintiff's title, or by way of defense could set up a bar to the right of action, a motion to make the complaint definite and certain in that respect should have been denied.

Appeal by the plaintiff, President and Directors of the Manhattan Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of October, 1921, granting defendants' motion to have certain allegations in the complaint made definite and certain.

*John Delahunty* of counsel [*John J. Kirby* with him on the brief], for the appellant.

*Stetson, Jennings & Russell* [*Otto C. Sommerich* of counsel], for the respondents.

Page, J.:

The plaintiff brought this action to recover judgment that it is the owner of three certificates, and that the defendants be directed to deliver the bonds named therein, and that the plaintiff recover $3,000 damages for the defendants' refusal to deliver. These were temporary certificates issued by J. P. Morgan & Co. and the Guaranty Trust Company of New York, each of which certified that the bearer was entitled to receive a bond for $1,000 principal amount of the Kingdom of Belgium, therein more particularly described, with coupons due December 1, 1920, and subsequently, attached, when, as and if delivered to them in definitive form by the obligor, and upon surrender of and in exchange for the certificate. The certificate further provided: " Every taker and holder of this

certificate and the attached warrant hereby agrees that the undersigned may treat the bearer of this certificate and the attached warrant as the absolute owner hereof and thereof, as the case may be, for all purposes, and that the undersigned shall not be affected by any notice to the contrary."

The complaint alleges: " That thereafter the said certificate, for value in the regular course of business, came into the possession of this plaintiff, which thereupon became and still is the lawful owner and holder thereof." The delivery of the bond in its definitive form to the defendants, and demand therefor by the plaintiff, and refusal to deliver by the defendants, are alleged. The motion to make definite and certain was addressed to the portion of the complaint above quoted, which is contained in each of the three causes of action set forth in the complaint.

The appellant's counsel argues that these certificates are negotiable instruments, and on their presentation at the trial the plaintiff is entitled to be regarded as a holder in due course and under section 98 of the Negotiable Instruments Law; that the plaintiff took them in good faith and for value; and that at the time they were negotiated plaintiff had no notice of any infirmity or defect in the title of the person negotiating them.

These certificates are not negotiable instruments, and as such the holder is not entitled to the rights conferred upon a holder in due course by sections 96 and 98 of the Negotiable Instruments Law: 1. They do not contain an unconditional promise or order to pay a sum certain in money. 2. They are not *payable* on demand or at a fixed or determinable future time. 3. They are not signed by the maker of the bond. They are merely agreements on the part of J. P. Morgan & Co. and the Guaranty Trust Company to deliver to bearer a bond of the Kingdom of Belgium.

The essential elements of a negotiable instrument are lacking. (Neg. Inst. Law, § 20; *Babcock* v. *National Surety Co.*, 106 Misc. Rep. 149, 159; affd., 190 App. Div. 941.)

" Written contracts are not necessarily negotiable simply because by their terms they enure to the benefit of the bearer. Doubtless the certificates were assignable, and they would have

been so if the word bearer had been omitted, but they were not negotiable instruments in the sense supposed by the appellants. Holders might transfer them but the assignees took them subject to every equity in the hands of the original owner." (*Railroad Co.* v. *Howard,* 7 Wall. 392, 415.)

While these instruments are not negotiable instruments, yet they approximate to them, and in some respects the same rules apply. By these instruments the signers thereof certify that the bearer is entitled to a certain bond upon the surrender of the certificate. They are assignable by delivery, being to bearer. This is a notification to all persons interested that whoever in good faith buys the certificate and presents it to the signers in accordance with its terms, is entitled to receive the bond. (See *Hudson Trust Co.* v. *American Linseed Co.,* 190 App. Div. 289, 293.) It is true that upon the trial, if plaintiff's ownership is denied, it cannot rest upon the presumption that it is a *bona fide* holder in due course.

We are not concerned now with the evidence necessary to sustain the plaintiff's cause of action, but with the sufficiency of the allegations of a pleading. In a pleading only the ultimate facts should be set forth, and not the evidence tending to demonstrate those facts. The allegation that the plaintiff is the lawful owner and holder of the certificate is not a mere conclusion of law, it is an allegation of an ultimate fact predicated on the other facts alleged that the certificate for value in the regular course of business came into the possession of the plaintiff. It is not necessary for the plaintiff to trace the sources of its title and set them out in the complaint. The issue as to ownership is tendered. Possession is *prima facie* evidence of ownership. Under a general denial of this allegation the defendant could show any defect in the plaintiff's title, or by way of defense could set up a bar to the right of action. The learned court at Special Term, in granting the motion, relied upon the decision in *Burrall* v. *Bushwick R. R. Co.* (75 N. Y. 211). In that case the certificate read that " Charles Foster is entitled," and that the certificate was delivered to Foster by the defendant " and that the same came into the possession of this plaintiff by purchase for value, and that this plaintiff is now the lawful owner and holder of the same." The court, in discussing the pleadings, said the averment that

the plaintiff was the lawful owner and holder thereof was quite indefinite. " He may have purchased of one who had not himself any right to the paper, or to the shares. That averment does not preclude that idea, nor necessarily assert a getting of possession from the first lawful owner, or from any lawful assignee of him. * * * It is, however, justified by the other averment, that the plaintiff is now owner and holder. He could not be that, unless it had been assigned to him by the person named in it, or by someone having lawful title from that person. The averment though argumentative is enough to authorize proof of all the facts; and the remedy of the defendant for the informality was by motion." In that case title was shown to be in Foster, and there was no allegation of the passing of the title from him. In the instant case there was no person named in the certificate, and it ran to bearer. Title passed by delivery, and the certificate provides that every taker and holder of the certificate agrees that the signers thereof may treat the bearer of the certificate as the absolute owner thereof for all purposes, and that they shall not be affected by any notice to the contrary, thus showing that it was the intention that by delivery all title and right of possession should pass to and be vested in the " bearer," who should present it in exchange for the bond. There was no person named who became the lawful owner, from whom title had to be acquired. For this reason I am of opinion that the case of *Burrall* v. *Bushwick R. R. Co.* (*supra*) does not apply to the instant case.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied.