HENRY P. WINTER et al., Doing Business under the Firm Name of H. P. WINTER & Co., Appellants, *v.* AMERICAN ANILINE PRODUCTS, INC., Respondent.

**Pleading — contract of sale — action for breach — sufficiency of complaint in an action to recover damages for breach of contract of sale of goods — where defendant, before the delivery of goods purchased under a contract of sale, notifies plaintiffs that it will not accept the goods, plaintiffs may treat such notice as an anticipatory breach of contract, or thereafter tender the goods and, upon defendant's refusal to accept the goods, maintain an action for non-acceptance thereof.**

1. While the statute (Civ. Pr. Act, § 241) requires that a complaint shall contain a plain and concise statement of material facts, it inhibits an inclusion in the complaint of the evidence by which such material facts are to be proved.

2. Where a complaint alleges that a party to a contract has been guilty of a breach of the same, causing damages to the complaining party, there is no requirement of law that the measure of damages alleged to have been sustained shall be stated in the complaint, and if the complaint states facts from which damages can properly be inferred it is sufficient without specifically enumerating the items of damages or the rules of law controlling in the measure of damages.

3. Where the parties herein entered into a written contract for the purchase and sale of oil, shipment to be made from India, and before the arrival of the oil defendant notified plaintiffs that it would not accept the oil, plaintiffs were at liberty to treat such notice as an anticipatory breach of the contract, but where they elected not to do so and upon the arrival of the oil tendered the same to defendant, which tender was refused, they became entitled to maintain an action against defendant for non-acceptance of the goods. (Pers. Prop. Law [Cons. Laws, ch. 41], § 145.)

*Winter* v. *Aniline Products Co.*, 204 App. Div. 792, reversed.

(Submitted May 29, 1923; decided July 13, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 23, 1923, which reversed an order of Special Term denying a motion by defendant for judgment upon the pleadings in favor of plaintiffs for nominal

damages but with costs to defendant and granted said motion.

The following questions were certified:

" 1. Does the second amended complaint herein state a cause of action which would warrant a judgment for more than nominal damages?

" 2. Does the second amended complaint herein set forth the proper measure of damages within the meaning and intent of section 145 of the Personal Property Law?

" 3. Can a defendant move under rule 112 of the Rules of Civil Practice for judgment on the pleadings in favor of the plaintiffs for nominal damages? "

*William Travers Jerome* and *William S. Siemon* for appellants. The second amended complaint states a cause of action for substantial damages. (Civ. Pr. Act, § 275; *Sayer* v. *Wilstrop*, 200 App. Div. 364; *Hayes* v. *Durham*, 194 App. Div. 848; *Colrick* v. *Swinburne*, 105 N. Y. 503; *Finkelstein* v. *Selwitz*, 79 Misc. Rep. 28.) The second amended complaint sets forth the proper measure of damages within the true meaning of the Sales Act. (*Goldforb* v. *Campe Corp.*, 99 Misc. Rep. 475; *Hanna* v. *Mills*, 21 Wend. 90; *Hauseman* v. *Buchman*, 189 App. Div. 597; *Carocopas, Inc.*, v. *Chieves & Co.*, 203 App. Div. 104.)

*Gerald B. Rosenheim* for respondent. The second amended complaint herein does not state a cause of action which would warrant a judgment for more than nominal damages, and the first certified question should be answered in the negative. (*Waumbeck Mfg. Co.* v. *Alfandri*, 196 App. Div. 64; *Colrick* v. *Swinburne*, 105 N. Y. 503; *Finkelstein* v. *Selwitz*, 79 Misc. Rep. 28; *Robinson & Co., Inc.*, v. *Kram*, 195 App. Div. 878; *Isaacs* v. *Terry & Tench Co.*, 56 Misc. Rep. 586.)

HOGAN, J. The primary question presented upon this appeal, involving as it does the pleadings in the action, a synopsis of the same becomes necessary.

The complaint alleges that on May 10, 1920, plaintiffs and defendant entered into an agreement in writing, wherein plaintiffs agreed to sell and defendant to purchase 3,300 pounds of lemongrass oil at the agreed price of thirteen shillings and three-quarter pence (13s. ¾d.) per pound c. i. f. New York, " F. P. A." (free of particular average) " invoice Shipping weights to be an August-November Shipment from India. Terms: 30 days net after arrival of steamer."

Prior to the arrival of the oil, and on or about January 14th, defendant notified the plaintiffs that it would not accept the oil which it had agreed to purchase.

The foregoing allegations of the complaint are not denied in the answer of defendant.

The complaint further alleged that on November 27, 1920, plaintiffs delivered the oil to a carrier at the city of Cochin, India, obtained insurance for defendant's protection, caused the oil to be transported to the port of New York and duly performed all the terms and conditions of the agreement between the parties on their part to be performed.

Defendant denied any knowledge sufficient to form a belief as to the truth of said allegation.

A further allegation of the complaint was in effect: That plaintiffs, ready, willing and able to perform the agreement on their part, on March 8, 1921, duly tendered to defendant a delivery order and invoice for said oil and demanded that defendant accept the same. Defendant denied that allegation of the complaint, though failing to put in issue a following clause of the complaint which alleged that defendant refused to accept said tender and refused to perform its said agreement and sale upon the ground that the said oil was not shipped in accordance with the terms of said agreement.

The ninth and tenth paragraphs of the complaint of primary importance upon this appeal are in substance: Paragraph 9. That on April 5, 1921, thirty days after the

arrival of the steamer as provided in the contract, the con-
tract price of the oil at the then prevailing rate of exchange
was $8,416.50, and on March 8, 1921 (the day of the alleged
tender), the market or current price was $2,731.50.   That
plaintiffs incurred and paid by reason of defendant's fail-
ure to accept said oil $188.64, the items being stated.

Paragraph 10 alleges plaintiffs have been damaged in
the amount of $5,873.64, which is the difference between
the contract price and the market or current price of said
oil at the time defendant refused to accept it, plus the
necessary expenses paid.

Then followed a demand for judgment for $5,873.64
together with costs.

As defense, defendant set out in its answer that the
plaintiffs were informed, knew and agreed that defendant
in entering into the agreement of May 10, 1920, to pur-
chase the oil did so in reliance upon the needs and require-
ments of its business; that the provision in the contract
that " invoice shipping weights to be an August-November
Shipment from India " was made upon the understanding
and agreement that the oil would arrive in New York
and be available to defendant within such time as is
usually, ordinarily and reasonably required for a ship-
ment of such goods to be transported from India to New
York, to wit, before January 10, 1921, and that plaintiffs
would cause said oil to be shipped and transported in
such manner and by such route that on or before said
date it would arrive in New York available to defendant;
but plaintiffs in violation of said agreement wrongfully
failed and neglected to do so in that they caused said oil
to be transported from Cochin, India, to Colombo,
Ceylon, and there transported to New York without
making timely reservation of shipping space in the receiv-
ing carrier first leaving Colombo after the arrival of the
oil thereat, as a result whereof the shipment did not
leave Colombo until January 24, 1921, and did not arrive
in New York until about March 6, 1921. Had timely and

proper arrangements been made for shipment the oil would have reached New York on or before January 10, 1921.

Upon the pleadings, concededly a written contract for the purchase and sale of oil was entered into between the parties May 10, 1920, shipment to be made from India. Before the arrival of the oil at New York defendant notified plaintiffs it would not accept said oil. Such notice plaintiffs were at liberty to treat as an anticipatory breach of the contract. They did not elect to do so but upon the arrival of the oil tendered the same to defendant, which tender was refused. Plaintiffs thereupon became entitled to maintain this action against defendant for non-acceptance of the goods. (Personal Property Law [Cons. Laws, ch. 41], section 145.)

Defendant in its answer seeks to justify a refusal to accept the goods by reason of an alleged oral agreement and understanding made or had between the parties cotemporaneously with the written contract. We do not dwell upon such defense in advance of a trial of the action when evidence in support thereof may be passed upon as to its competency and effect. Suffice it to say defendant while admitting a breach of the contract on its part and alleging a breach on the part of plaintiffs of an oral understanding or agreement and thereby to justify its act in a breach of contract, has been permitted to procure a judgment in favor of plaintiffs for nominal damages for breach of contract on its part without justification.

The Appellate Division in the opinion for reversal of the order of the Special Term which denied the application of defendant, held that as the defendant for the purpose of the motion admitted a breach of the contract on its part the plaintiffs were entitled to judgment for nominal damages, but that plaintiffs had alleged in their complaint an improper measure of damages and failed to state the facts which showed their damages. Therefore, they were entitled to only nominal damages.

The briefs submitted by counsel for both parties to this litigation are devoted principally to a discussion of the measure of damages. We refrain from a consideration of that question in the instant case, presented as it is on the pleadings. Damages alleged to have been sustained by an aggrieved party are ordinarily the subject of evidence on a trial within well-established rules of law. Limiting our review of the case to the grounds adopted by the Appellate Division we reach a conclusion contrary to the decision there made. The rule is well settled that where a complaint, as does the complaint here, alleges that a party to a contract has been guilty of a breach of the same, causing damages to the complaining party, there is no requirement of law that the measure of damages alleged to have been sustained shall be stated in the complaint. The complaint here stated facts from which damages can properly be inferred and is sufficient without specifically enumerating the items of damages or the rules of law controlling in the measure of damages. (*Colrick* v. *Swinburne*, 105 N. Y. 503–507; *Hayes* v. *Durham*, 194 App. Div. 848.)

While the statute requires that a complaint shall contain a plain and concise statement of material facts, it inhibits an inclusion in the complaint of the evidence by which such material facts are to be proved. (Civil Practice Act, section 241.)

Eliminating in its entirety the ninth paragraph of the complaint and all of the tenth paragraph of the complaint save the words "That the plaintiffs have been damaged in the amount of $5,873.64," and "Wherefore the plaintiffs demand judgment against the defendant for the sum of $5,873.64 and interest and costs," we find a complaint which contains a plain and concise statement of material facts disclosing a written contract, breach of same by defendant, and damage to plaintiffs by reason thereof in the amount stated the relief to which plaintiffs supposed they were entitled. (Civil Practice Act, sec-

tions 241-255.) Disregarding the ninth paragraph of the complaint and the tenth paragraph save as indicated, which should have been treated as surplusage or a mistake in the remedy demanded and corrected by amendment on the trial (Civil Practice Act, section 111), the complaint stated a cause of action for substantial damages.

The conclusion reached renders unnecessary other points discussed by counsel in their briefs.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and the Appellate Division. The first question certified should be answered in the affirmative. Other questions certified not anwered.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.