GEORGE H. SHERMAN, Appellant, v. INTERNATIONAL PUBLICATIONS, INC., and Others, Respondents, Impleaded with Others, Defendants.

First Department, November 27, 1925.

Libel and slander — action by physician based on publication concerning his manufacture and distribution of vaccines — publication charging plaintiff with improper and unprofessional conduct, fraudulent advertising, and selling dangerous remedies is libelous per se — motion under Civil Practice Act, § 241, and Rules of Civil Practice, rule 103, to strike out certain parts of first defense as evidentiary and repetitious should have been granted — motion to strike out second defense which alleges that article was fair comment — article states facts positively and is not expression of opinion — article is not fair comment — defense of fair comment pleaded as complete defense cannot be sustained — defense of fair comment cannot be urged where publication attacks professional character — defense stricken out.

An article published by the defendant is libelous *per se* which charges the plaintiff, a physician, and a manufacturer and distributor of vaccines, with improper

and unprofessional conduct, with false and fraudulent advertising and the exploitation of uninformed and careless doctors, and with the foisting of dangerous remedies upon the public, and which attacks the efficacy of the remedies prepared by the plaintiff and charges him with improper commercialization of his remedies.

The motion made by the plaintiff under section 241 of the Civil Practice Act and rule 103 of the Rules of Civil Practice to strike out certain parts of the first defense on the ground that said parts of the defense are repetitious and plead evidentiary matter, should have been granted, since it appears that the evidentiary matter so asked to be stricken out may be proven under that part of the defense which pleads the ultimate facts and that the matter so asked to be stricken out where not evidentiary is either repetitious or irrelevant.

The motion to strike out the second defense, which alleges that the article charged to be libelous is a fair comment, should have been granted, since it appears that said article states facts positively, in that it charges the plaintiff with foisting dangerous remedies on uninformed doctors, that in well-conducted hospitals such vaccines are seldom used to cure diseases, and that the vaccines made by plaintiff are injurious and have been known to cause death.    Such statements are not an expression of an opinion of the plaintiff's remedies, but a statement of facts which do not constitute fair comment or criticism.

Furthermore, said defense is pleaded as a complete and separate defense to the entire article, and since it is not a complete defense because of the many positive statements made by the defendant which do not constitute fair comment, it is insufficient in law on that ground; a defense in a libel action pleaded as a complete defense must be as broad as the alleged libelous publication.

The defense of fair comment and criticism is not available where the article in question attacks the professional or personal character of the individual, for when the individual himself or his motives are attacked, the article ceases to be privileged.

DOWLING and MARTIN, JJ., dissent in part.

APPEAL by the plaintiff, George H. Sherman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of February, 1925, denying plaintiff's motion to strike out certain paragraphs of the first complete defense; also from an order entered in said clerk's office on the same day, denying plaintiff's motion to strike out certain paragraphs of the second defense, and also from an order entered in said clerk's office on the same day, denying plaintiff's motion to strike out the whole second defense.

*Trowbridge & Fox* [*Alan Fox* of counsel; *Isaac B. Halpern* with him on the brief], for the appellant.

*William A. De Ford* [*J. T. Sturdevant* with him on the brief], for the respondents.

MERRELL, J.:

The action in which these appeals were taken was brought by the plaintiff, a physician, and manufacturer and distributor of

vaccines, residing at Detroit, in the State of Michigan, to recover of the defendants damages which the plaintiff claims to have sustained through a libelous publication concerning the plaintiff and his business, which appeared in " Hearst's International Magazine " in December, 1922, and which magazine was owned, managed and controlled by the defendants. The alleged libelous article was entitled " Vaccines for Broken Legs — No. 4 of the Series on Doctors and Drug-Mongers," and the plaintiff, in his complaint, alleges that the defendants therein contriving and wrongfully and maliciously intending to injure, defame and destroy the good name and reputation of the plaintiff as a law abiding and order loving citizen of the State of Michigan and the United States of America, to injure him in his said profession of the practice of medicine, to bring him into public and professional hatred, contempt and ridicule and to injure him in his business reputation and to deprive him of the gains and profits which he had received and would receive from the preparation and sale of prophylactic and therapeutic agents called " bacterial vaccines," did wickedly and maliciously compose and publish in the said magazine " Hearst's International," on or about said date, said false, scandalous and defamatory libel of and concerning the plaintiff, and which article is set forth by photostatic copy in plaintiff's complaint.

The answer of the defendants set up three defenses: *First,* justification; *second,* fair comment and criticism; and, *third,* mitigation.

The plaintiff made three motions: *First,* the plaintiff moved, under section 241 of the Civil Practice Act and rule 103 of the Rules of Civil Practice, to strike out from the first separate defense set forth in defendants' answer some seventy paragraphs on the ground that the allegations therein contained were either evidentiary, repetitious, irrelevant or unnecessary. By a separate motion the plaintiff moved to strike out from the second separate defense set forth and alleged in the answer of the defendants six paragraphs of the second separate defense set forth in said answer as redundant, repetitious, unnecessary or irrelevant. The plaintiff also served a third notice of motion for an order striking out the entire second separate defense contained in the answer on the ground that said defense was insufficient in law. All three motions made by the plaintiff to strike out were returnable at Special Term on the same day and were heard as one motion. The learned justice presiding at Special Term denied all three motions, and the present appeals are by the plaintiff from the orders of the Special Term denying plaintiff's said motions.

The plaintiff's complaint sets forth *in extenso* and by photostatic

copy the alleged libelous article appearing in the defendants' magazine.   I am of the opinion that the publication upon its face contained much of and concerning the plaintiff which was libelous *per se.*   In general the article charges the plaintiff with improper and unprofessional conduct, with false and fraudulent advertising, and the exploitation of uninformed and careless doctors, and with the foisting of dangerous remedies upon the public.   A direct attack is made in the article upon the efficacy of the remedies prepared by the plaintiff, and the plaintiff is charged with improper commercialization of his remedies, and he is held up to ridicule and charged with the distribution of vaccines of no real or therapeutic value and which are in many instances dangerous to human health and life.

As to the various paragraphs contained in the first separate defense set forth in the answer herein, and which the plaintiff asked to have stricken from the answer, I think said paragraphs are open to the criticism made by the plaintiff, and that the paragraphs indicated are, as claimed by the plaintiff, many of them, repetitious and unnecessary, and that many of said paragraphs are merely the statement of evidentiary matter, a large part of which could not be established by competent evidence, and that the same should have been stricken out by the court at Special Term.   The office of a pleading is defined by section 241 of the Civil Practice Act, which provides that: " Every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved."

By rule 103 of the Rules of Civil Practice it is provided that: " If any matter, contained in a pleading, be sham, frivolous, irrelevant, redundant, repetitious, unnecessary, impertinent or scandalous or may tend to prejudice, embarrass or delay the fair trial of the action, the court may order such matter stricken out, in which case the pleading will be deemed amended accordingly, or the court may order an amended pleading to be served omitting the objectionable matter."

I think the paragraphs of the first defense to which our attention is directed by plaintiff's motions were clearly improper under section 241 of the Civil Practice Act and that the same should have been stricken out under rule 103 of the Rules of Civil Practice.   (*President & Directors of Manhattan Co.* v. *Morgan,* 199 App. Div. 767; *Peabody, Jr. & Co.* v. *Travelers Ins. Co.,* 206 id. 206; *Winter* v. *American Aniline Products, Inc.,* 236 N. Y. 199.) In so far as the allegations mentioned were not repetitious or irrelevant, they were evidentiary and had no proper place in

the answer.  The defendants should have pleaded ultimate facts only and not the evidence to establish such facts.  In so far as the defendants have pleaded evidentiary matter the ultimate facts are sufficiently alleged to permit the introduction of proof to establish such facts.  I think in every instance where the plaintiff asks that paragraphs be stricken out as pleading evidence the ultimate facts are sufficiently alleged to permit of the introduction of competent evidence in support of the allegation.  For example: The plaintiff asks that a long list of named vaccines dealt in by the plaintiff, and set forth in the 3d paragraph of the first defense, should be stricken from the said answer as being unnecessary and as stating evidence.  In the 3d paragraph of the first separate defense the defendants allege that the vaccines made, manufactured, sold and dealt in by plaintiff have been by him designated with certain numbers, and that the exact number of vaccines made by plaintiff has not always been the same.  The plaintiff, as pleading, insists, I think correctly, that such allegation was sufficient to apprise plaintiff of the defense sought to be interposed and that thereunder the defendants may prove the fact alleged.  But the defendants then proceed to set forth several pages of the various and varying vaccines dealt in by plaintiff.  The setting forth of the long list was quite unnecessary.  The next allegation which the plaintiff asks to be stricken from the first separate defense contained in the answer is that part of paragraph 7 setting forth various diseases, likewise as being unnecessary and as stating evidence.  In the said 7th paragraph the defendants allege that the plaintiff has advertised and represented that the stock vaccines which are made, sold and generally dealt in by plaintiff should be used and when used are of curative value in diseases and conditions which are designated by him.  Plaintiff does not criticise such allegation but does properly, I think, object to the setting forth in the answer following such allegation of fact a long list covering solidly a page and a half of the record, of the various diseases and conditions which the plaintiff advertises would yield to the use of his vaccines.  Clearly the setting forth of the long list of diseases was unnecessary to permit of proof of the ultimate fact alleged and was purely evidentiary.  The next allegation in said defense to which plaintiff excepts is that contained in the 10th paragraph.  The allegations in question are but a repetition of what was theretofore alleged in the 6th paragraph.  The plaintiff asks to have stricken out that portion of the 17th paragraph of the first separate defense of the answer as contains a long list of articles and pamphlets published by plaintiff, as unnecessary and as stating evidence.  In

said 17th paragraph the defendants allege that: " The plaintiff has furthered the commercial interests of his business by publishing articles and pamphlets on vaccines which purport to be the scientific articles of a disinterested doctor. The articles and pamphlets as published by him are signed simply ' George H. Sherman, M. D.' or ' G. H. Sherman, M. D.,' with no indication anywhere in the pamphlet or article that he is in any way financially interested in the vaccine business. This practice constitutes a fraudulent imposition upon the readers, inducing them to believe that the articles and pamphlets were the contributions of an impartial scientist when, in fact, they were a part of the propaganda in which the plaintiff is commercially interested." Then follows the long list of the articles and publications to which objection is made. There can be no doubt that the list in question had no place in the pleading, was unnecessary, and a mere statement of evidence. And so throughout the entire first separate defense the defendants have set forth and alleged a mass of evidentiary matter, quite unnecessarily. I have been unable to discover a single instance where, by the elimination of the matter to which objection is made, the defendants' rights would be in any degree jeopardized. The matter sought to be stricken out is for the most part evidentiary and unnecessarily pleaded, and where not, is either repetitious or irrelevant. I think the court, under the rules of pleading hereinbefore adverted to, should have granted plaintiff's motion to strike out from the first separate defense the specified matter.

In view of the unanimous opinion of this court that the entire second separate defense contained in the answer to the amended complaint should be stricken out for insufficiency, it is unnecessary to pass upon the particular paragraphs of said second defense which the plaintiff, by his second motion, asked to have stricken out. The entire second defense being out, the paragraphs which plaintiff moved to strike out for other reasons are included.

As to the plaintiff's third motion, to strike out the entire second defense contained in the amended answer of the defendants, on the ground that it was insufficient in law and as not being a fair comment and criticism of plaintiff and his activities I am of the opinion that the said defense should have been stricken out, and that the court improperly denied the motion of the plaintiff with reference thereto.

The publication in question stated, in effect, that the vaccines manufactured and distributed by the plaintiff were dangerous and had been known to cause death. The published article classifies the plaintiff with " notorious vendors of patent medicines," and " charlatans," and charges that doctors allow themselves to be

foo̅ed by plaintiff's advertisements, and charges the plaintiff with foisting dangerous remedies on uninformed doctors, with being unscientific, and charges that in well-conducted hospitals, where treatment is carefully controlled, such vaccines are seldom used to cure diseases.

It is the contention of the appellant that fair comment cannot be set up as a defense to the publication in question; that the publication contained assertions of positive fact, and was not a fair statement of judgment or opinion. It is plain that many of the statements contained in the alleged libelous article could not be classified under the head of fair comment and criticism. They are assertions of positive facts. It is stated that the plaintiff's vaccines are injurious and have been known to cause death. This certainly is not a comment, but a statement of a positive fact. As a whole, the article is not the statement of an opinion or judgment, but purports to state positive facts. The question as to whether or not the writings complained of were merely comment and, therefore, not libelous, or whether they were statements of facts and attacks on the plaintiff and were libelous *per se*, is a question of law to be decided by the court. Fair comment and criticism does not constitute libel but is merely the expression of opinion. "A comment, as we have already stated, is the expression of the judgment passed upon certain alleged facts by one who has applied his mind to them; and who while so commenting, assumes that such allegations of fact are true. The assertion of a fact is not a comment at all." (Odgers Lib. & Sland. [5th ed.] 197.) Of the many positive facts stated in the alleged libelous publication are, that the plaintiff's vaccines have caused death; that no well-regulated hospitals use vaccines; that these vaccines do not cure the maladies they purport to cure, but are dangerous to health, and often to life; that the plaintiff is careless and unscientific; that he puts out false advertising; that he deceives and exploits doctors to his own financial gain. Surely such statements are neither a comment nor the statement of an opinion, but of positive facts. Newell on Slander and Libel (4th ed. p. 522) says: "The distinction cannot be too clearly borne in mind between comment or criticism and allegations of fact, such as that disgraceful acts have been committed, or discreditable language used. It is one thing to comment upon or criticise, even with severity, the acknowledged or proved acts of a public man, and quite another to assert that he has been guilty of particular acts of misconduct. To state matters which are libelous is not comment or criticism." In Odgers on Libel and Slander (5th ed. p. 196) it is said: "It is then a̅ defense to an action of libel or slander that the words complained of are a fair comment

on a matter of public interest. But this defense will fail, unless the words complained of are a comment and not the assertion of some alleged matter of "fact * * *. Comment on well known or admitted facts is a very different thing from the assertion of unsubstantiated facts for comment. * * * The distinction cannot be too clearly borne in mind between comment or criticism and allegations of fact * * *." And the same text-writer (at p. 203) says: " If he asserts that the plaintiff has been guilty of disgraceful conduct, and does not state what that conduct was, this is an allegation of fact, for which there is no defense, but privilege or truth. * * * The writer must be careful to state the inference as an inference, and not to assert it as a new and independent fact; otherwise, his inference will become something more than a comment, and he may be driven to justify it as an allegation of fact."

In the answer of the defendants the defense of fair comment is pleaded as a complete and separate defense to the entire article. Fair comment might properly be a defense to as much of the article as can be said to be comment. It cannot, however, be a complete defense to the whole article because of the many positive statements of fact contained in the article which are clearly libelous. A defense in a libel action pleaded as a complete defense must be as broad as the charges made in the alleged libelous publication. In *Bingham v. Gaynor* (141 App. Div. 301) the court struck out a plea of justification which was set up as a defense to the whole publication, on the ground that the plea did not attempt to justify all the charges made against the plaintiff by the defendant. The plea set up as a complete defense was no defense to all the charges made in the publication. In the case at bar some portions of the article might be regarded as fair comment, but, as much of the article is clearly not within that classification, being merely defamatory statements of fact the defense of fair comment does not constitute a complete defense and should have been stricken out. Furthermore, it seems to me that the defense of fair comment cannot be urged where the article in question attacks the professional or personal character of the individual. Undoubtedly fair and honest discussion of a work of public interest or of the acts of a public official may be justified as fair comment, but if the individual himself or his motives are attacked the article ceases to be privileged. It would have been entirely proper to have discussed the wide sale and distribution of the plaintiff's vaccines, concerning their value and efficacy as remedies for certain ailments. It would have been quite proper for the defendants, in commenting thereon, to have expressed their personal opinion of the efficacy of plaintiff's remedies, but the

article in question went further than this and made a direct and positive attack upon the plaintiff as an individual, upon his motives and conduct.  If the truth of the statements be established they may constitute a justification for the publication, but the charges in the article itself are not privileged as fair comment and criticism. Attacks on an individual, his conduct and motives as opposed to expressions of opinion concerning his work are not fair comment, and can only be justified if true.  Newell on Slander and Libel says (4th ed. p. 519): " So long, therefore, as the criticism is confined to his work and does not attack the moral character or professional integrity of the individual, and is fair and reasonable, there is no libel because there is no defamation of the man himself.  But when the comment or criticism of the man's work becomes an attack on his private or business character, then the element of malice comes in and stamps the language as libelous."  And (at p. 516) the same text-writer says: " The general rule to be adhered to in criticising or commenting upon matters of public interest is to confine the comments to the matter itself, and not to descend to personal attacks on private character or imputations of unworthy motives."  In *Bingham* v. *Gaynor* (141 App. Div. 301) the court said (at p. 312): " The real question presented by this defense is whether the articles were privileged as fair comments on the act of a public official.  If the statements of facts were true and the criticism fair and honest, without malice, the defense of privilege would be good.  *  *  *  But under the guise of privilege the character and motives of the official criticised may not be attacked."  In *Hoey* v. *N. Y. Times. Co.* (138 App. Div. 149) it was said (at p. 155): " We are of the opinion that the official act of a public functionary may be freely criticised, and entire freedom of · expression used in argument, sarcasm and ridicule upon the act itself; and that then the occasion will excuse everything but actual malice and evil purpose in the cr'tic.  We are of the opinion that the occasion will not of itself excuse an aspersive attack upon the character and motives of the officer; and that to be excused, the critic must show the truth of what he has uttered of that kind."  [As to whether or not the article in question exceeded the bounds of fair criticism and comment was a question of law for the determination of the court.]  (*Bingham* v. *Gaynor,* 141 App. Div. 301, 313; affd., 203 N. Y. 27; *Hoey* v. *N. Y. Times Co.,* 138 App. Div. 149.)

I am, therefore, of the opinion that the motion of the plaintiff to strike out the entire second defense as insufficient should have been granted.

The orders denying plaintiff's motions to strike out from the

first separate defense contained in the answer the specified paragraphs, and to strike out the entire second separate defense, should be reversed, with ten dollars costs and disbursements, and plaintiff's motions granted, with ten dollars costs. The appeal from the order denying plaintiff's motion to strike out from the second separate defense certain specified paragraphs, should be dismissed, without costs.

CLARKE, P. J., and McAVOY, J., concur; DOWLING and MARTIN, JJ., dissent from so much of the conclusion reached by the majority of the court herein as reverses the order and grants the motion in respect to the first defense.

First order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

Appeal from second order dismissed, without costs.

Third order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.