JOSEPH E. STEARNS, Appellant, *v.* STOLLWERCK CHOCOLATE COMPANY, Respondent.

First Department, April 22, 1927.

Ships and shipping — action against shipper for breach of contract — plaintiff's evidence established contract and breach thereof — error to dismiss complaint at close of plaintiff's case — measure of damages.

In this action to recover damages for the breach of a contract between the defendant and the plaintiff's assignor for the shipment of cocoa beans from New York harbor to Stamford, Conn., it was error for the court to dismiss the complaint on the merits at the close of the plaintiff's case, for plaintiff's evidence, which must be construed most favorably to the plaintiff, established a contract whereby the plaintiff's assignor agreed to transport beans at a rate lower than the regular rate on condition that the defendant supply 3,000 bags each week for six months, and the evidence also established that during the last seventeen weeks of the period the defendant shipped only 17,000 bags. The contention by the defendant that the agreement was that the plaintiff would furnish the low rate so long as the defendant supplied 3,000 bags per week seems to be refuted by the fact that the defendant continued to pay only the low rate during the last seventeen weeks of the period.

The plaintiff's measure of damage is the difference between the amount that the plaintiff's assignor would have earned under the contract and what it would have cost it to perform the same.

APPEAL by the plaintiff, Joseph E. Stearns, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of July, 1926, upon the dismissal of the complaint on the merits at the close of the plaintiff's case.

*William J. O'Shea, Jr.,* of counsel [*William L. Wemple* with him on the brief], for the appellant.

*W. Russell Osborn* of counsel [*C. Murray Kavanagh* with him on the brief], for the respondent.

FINCH, J. The action was for damages for breach of contract, in that defendant failed to deliver 3,000 or more bags of cocoa beans per week for a period of six months, to be lightered by the plaintiff's

assignor from points in New York harbor to Stamford, Conn. The answer was a general denial.

At the close of the plaintiff's case the learned court at Trial Term dismissed the complaint upon the ground that nowhere did the defendant bind itself to supply 3,000 bags a week, and hence the action did not lie. The complaint should not have been dismissed since the plaintiff's evidence *prima facie* established the existence of a contract and its breach. (*Winter* v. *American Aniline Products, Inc.,* 236 N. Y. 199.) The president of the plaintiff's assignor testified that after doing some work for the defendant, he called upon its vice-president and after much dickering finally reached a rate of twenty-eight cents a bag (the previous rate having been thirty-nine cents a bag), provided the defendant would furnish orders of not less than 3,000 bags per week for a period of six months. A representative of the defendant said he would send the orders. The president of plaintiff's assignor then said the defendant would have to pay the insurance (heretofore this had been paid by plaintiff's assignor) as at "that price I could not pay it." Defendant's vice-president said "he would put a blanket policy on to cover anything." The president of plaintiff's assignor then went back to his office and wrote the defendant as follows:

"NEW YORK, *April 13th,* 1920.

"STOLLWERCK CHOCOLATE CO.

"Stamford, Conn.

"GENTLEMEN.— Confirming yesterday's conversation relative to the transportation of Cocoa Beans from points in New York Harbor, within lighterage limits that can be reached by steam lighter, to your dock at Stamford, Conn., weather and tide permitting, for the period of six months from date, at the rate of twenty-eight (28) cents per bag; this rate being based upon the fact that you will supply us with orders of not less than three thousand (3000) bags of cocoa beans per week and that you will insure the various cargoes for your own account.

"Yours very truly,

"TIDE WATER TRANS. CO.

"LESTER KETCHAM, *Pres.*"

Following the receipt of this letter, defendant furnished an average of 3,000 bags per week for seven weeks of the six months, but thereafter not only failed to furnish 3,000 bags a week, but, on the contrary, furnished only 17,000 bags for the remaining period. Since the complaint was dismissed at the close of plaintiff's case, the familiar rule is applicable that plaintiff is entitled to the benefit of every legitimate inference to be deduced from the testimony.

So construed, the plaintiff's testimony established a promise on the part of the plaintiff's assignor to lighter not less than 3,000 bags a week for a period of six months at a rate of twenty-eight cents a bag, in return for a promise on the part of the defendant to furnish the requisite number of bags or orders agreed upon.

The defendant urges that the language constituting the agreement meant that the plaintiff's assignor would furnish the low rate so long as the defendant supplied the 3,000 bags per week. Some evidence, however, against this contention of the defendant is that the defendant continued to pay only the low rate for the 17,000 bags transported for the remaining period of the six months' term despite the complaints of the plaintiff's assignor as to the great decrease in the number of bags. The language used is susceptible of the construction urged by the plaintiff and, since the complaint was dismissed, the plaintiff is entitled to the benefit of the construction which is favorable to him.

The learned court at Trial Term took the view that the facts in the case at bar fell within the principle applied in *Schlegel Mfg. Co. v. Cooper's Glue Factory* (231 N. Y. 459). In that case defendant offered to sell to plaintiff its requirements of glue for the year 1916 at a certain price. The offer was not conditional, however, on orders for any definite quantity. Plaintiff was not engaged at the time in any business in which glue was used or required. Neither was plaintiff under contract to deliver glue to any third party in a fixed quantity or otherwise. Plaintiff was a jobber selling glue, among other things, to such customers as might be obtained, by sending out salesmen to solicit orders. There was nothing to obligate plaintiff to sell an ounce of defendant's glue or even to make any efforts whatsoever in that regard. Hence, the plaintiff assumed no obligation, suffered thereby no detriment and, therefore, no consideration existed for defendant's promise. In the case at bar the testimony is that the promise was conditional upon orders for a definite quantity. The low rate of transportation was " based upon the fact that you will supply us with orders of not less than three thousand (3000) bags of cocoa beans per week." The case at bar is rather within the principle of *Wood* v. *Duff-Gordon* (222 N. Y. 88), where the plaintiff was to have an exclusive right for a year to attach a label showing the approval of the defendant upon the gowns manufactured by the plaintiff, and, in return, the defendant was to have one-half of all the profits and revenues derived from any contract the plaintiff might make. While the contract did not, in express terms, contain a promise that the plaintiff should use reasonable efforts to bring profits into existence, yet, as CARDOZO, J., now chief judge, said: "A promise may be lacking,

and yet the whole writing may be 'instinct with * * * an obligation,' imperfectly expressed (SCOTT, J., in *McCall Co.* v. *Wright*, 133 App. Div. 62; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187, 198). If that is so, there is a contract.

" The implication of a promise here finds support in many circumstances. The defendant gave an exclusive privilege. She was to have no right for at least a year to place her own indorsements or market her own designs except through the agency of the plaintiff. The acceptance of the exclusive agency was an assumption of its duties * * *."

So, in the case at bar, the plaintiff's assignor gave the low rate expressly conditioned upon a six months' contract from date to lighter not less than 3,000 bags a week. When the defendant promised to furnish orders taking advantage of this rate, the agreement between the parties comprised an obligation within it to furnish the minimum amount per week for the stated period. Applying the language from the above quotation, the acceptance of the exclusively low rate was an assumption of the duty to furnish the minimum amount per week, which accompanied the securing of this low rate.

It follows that it was error to dismiss the complaint.

Upon a new trial the measure of damages applicable will again arise. It may not be amiss, therefore, to call attention to the correct rule, since upon this record it is not clear that the plaintiff proceeded in accordance therewith. The plaintiff's measure of damage is the difference between the amount that the plaintiff's assignor would have earned under the contract, and what it would have cost it to perform the same. In *Devlin* v. *Mayor* (63 N. Y. 8) the general rule of damages applicable to breaches of executory contracts is stated as follows: " The measure of damages in an action for a violation of an executory agreement is too well settled by authority to require discussion, and the rule adopted by the courts commends itself for its simplicity, as well as equity and good sense. * * * The party who has been wrongfully deprived of the gains and profits of an executory contract may recover as an equivalent, and by way of damages, the difference between the contract price, the amount which he would have earned and been entitled to recover on performance, and the amount which it would have cost him to perform the contract."

It appears that according to the contract the work required of the plaintiff's assignor was to include putting the bags on the boat, taking them to Stamford and discharging them on the bulkhead. Presumably the handling of a less number of bags would require less labor cost, but this might depend upon the method of compensation of plaintiff's assignor for labor and must be proven.

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.