INTERNATIONAL RAILWAY COMPANY, Appellant, *v.* ERNEST K. JAGGARD, Individually and as President of BUFFALO JITNEY OWNERS' ASSOCIATION, a Voluntary Association of More Than Seven Persons, Respondent.

.Fourth Department, December 22, 1922.   .

Pleadings — action by street car company to restrain operation of jitneys in violation of Transportation Corporations Law, §§ 25 and 26 — answer — where irrelevancies and redundancies are intermingled with good allegations court not required to redraft pleading — jitney owners entitled to set up acts done during alleged emergency arising in street car strike — application for authority to run jitneys may be defense — allegations are irrelevant which concern dealings between street car company and employees and transactions between city and company concerning cause of strike — jitney owners may plead that company's losses were caused by its own fault though same issue might be raised by denial.

Where an answer contains a mass of irrelevancies and redundancies mingled together with admissions, denials and defenses so inextricably that it is quite impossible to separate them and strike out the bad without completely redrafting the pleading, it is no part of the court's duty to attempt to eliminate the parts of the pleading that are not good, but the parts so mingled and objected to should be struck out entirely.

In an action by a street car company to restrain the operation of jitneys which are being operated in violation of sections 25 and 26 of the Transportation Corporations Law, the jitney owners may plead in their answer acts done during an alleged emergency arising from a strike of the employees of the street car company.

The fact that the jitney owners had applied through the regular channels and were expecting shortly to be granted lawful authority to do business, while anticipatory, may constitute a proper defense in the action and, therefore, such fact may be alleged in the answer.

Allegations concerning dealings and contracts of the street car company with its employees and the transactions between the city and the street car company relating to the cause of the strike are irrelevant and should not be pleaded.

The jitney owners may plead as a defense that the company's losses were due to its own fault, though it seems that the same issue might be raised by a denial.

APPEAL by the plaintiff, International Railway Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 14th day of September, 1922, directing the defendant to serve an amended answer and denying plaintiff's motion to strike out certain allegations in the original answer.

*Penney, Killeen & Nye* [*James C. Sweeney* of counsel], for the appellant.

*Hamilton Ward* [*Genevieve Goergen* with him on the brief], for the respondent.

DAVIS, J.:

The complaint alleges that plaintiff is engaged in operating a street surface railroad in the city of Buffalo, and in July, 1922, a large number of its employees struck and for a time it was unable to operate its cars; that the defendants and others immediately without lawful authority under the provisions of sections 25 and 26 of the Transportation Corporations Law,* began to operate motor vehicles to carry passengers for hire on the streets served by the plaintiff, and have continued an unlawful competition with the plaintiff, who is without adequate remedy at law, and relief was asked that the defendants be restrained from operating such motor vehicles unless lawfully authorized, and that the plaintiff have damages.

The defendant Jaggard, individually and as president, etc., interposed a somewhat lengthy and complicated answer. The plaintiff moved to have the affirmative allegations pleaded as defenses separately stated and numbered and divided into paragraphs, and to have certain parts of the answer struck out as " sham, frivolous, irrelevant and unnecessary." Thirteen different parts of the answer are pointed out in the order to show cause as falling within these classifications.

At Special Term the court with commendable patience sought to assist the parties in reaching an agreement on these matters in controversy and in getting a pleading prepared that would be unobjectionable. At the end of these consultations an order was granted denying plaintiff's motion, and an amended answer was attached to the order representing the joint labors of the court and counsel. Such efforts to prepare a pleading by general agreement rarely produce satisfactory results. (*Day* v. *Day, No. 2,* 95 App. Div. 122, 125.) They did not here and plaintiff has appealed.

A simpler and more summary method exists. Where a pleading contains a mass of irrelevancies and redundancies mingled together with admissions, denials and defenses so inextricably that it is quite impossible to separate them and strike out the bad without completely redrafting the pleading, it is no part of the court's duty to attempt to eliminate the parts of the pleading that are not good, but the parts so mingled and objected to should be struck out entirely. (*Gutta-Percha & Rubber Mfg. Co.* v. *Holman,* 150 App. Div. 678.)

The rule in the case just cited was applied to a complaint. The

---

* Respectively added by Laws of 1913, chap. 495, and Laws of 1915, chap. 667, as respectively amd. by Laws of 1915, chap. 667, and Laws of 1919, chap. 307.— [REP.

same rule may be applied to an answer. (*Uggla* v. *Brokaw*, 77 App. Div. 310.) An answer should be so drafted as to disclose readily to the court what the issues are. Our system of pleading permits and requires this. It is not necessary to admit formally in the answer anything alleged in the complaint; only denials are provided for. (Civ. Prac. Act, § 261; *Stroock Plush Co.* v. *Talcott*, 129 App. Div. 14.) Following denials the answer may next contain a statement of new matter constituting a defense or counterclaim, and it may set forth as many defenses or counterclaims, or both, as defendant has; but each should be separately stated, numbered and divided into paragraphs numbered consecutively, each as nearly as may be containing a separate allegation. (Civ. Prac. Act, §§ 261, 262; Rules Civ. Prac. rule 90.) These provisions are mandatory. A defense may not be jumbled up with other defenses, nor with a denial or denials. (*Stern* v. *Marcuse*, 119 App. Div. 478.)

The answer as finally drafted and allowed by the order in my opinion still contains much irrelevant matter constituting no defense, and the numbering of the separate paragraphs has practically disappeared. In some respects it is an improvement on the original answer, for it has abandoned the improper method of interposing a denial by alleging that defendant has no knowledge or information sufficient to form a belief on certain subjects, and " therefore denies the same."

The answer alleges with much detail the events following the cessation of street car service as a result of the strike, and the overpowering necessity of furnishing some kind of transportation to take the place of that withdrawn. It is possible that an emergency may justify the performance of an act constituting an invasion of private rights, which the law has prohibited but is not *malum in se*. (38 Cyc. 525, 1066. See, also, *Brooklyn City R. R. Co.* v. *Whalen*, 191 App. Div. 737, 742; affd., 229 N. Y. 570.) We do not need to determine that question now; but I think the defendant is entitled to set up briefly (without reciting evidence) in his answer any acts of himself or of the members of the association during what they regard was a public emergency. The allowance of such an allegation in the answer is not an adjudication as to its materiality and does not constitute a decision that evidence under it would be competent. (*Michigan Steamship Co.* v. *American Bonding Co., Nos. 1 & 2*, 109 App. Div. 55, 57.) A brief allegation as a defense that the defendants had applied through the regular channels and were expecting shortly to be granted lawful authority to do business, while anticipatory, may constitute a proper defense in an equity action, where injunctive relief is demanded.

.I do not see how the question of the plaintiff's dealings and contracts with its employees can be a material issue in this action. Prolix allegations of that character in the answer were entirely irrelevant. If the plaintiff is not running its cars for any reason, it has no more interest in what the defendants are doing than any citizen. If it is running its cars and the defendants are interfering with its business, then it is immaterial in this issue by what means its cars are being run. Likewise, the transactions between the city and the plaintiff relative to the cause of the strike, as particularly illustrated by " Schedule A " attached to the answer, are immaterial; and those allegations in the answer are both irrelevant and frivolous. The issue as to whether plaintiff's losses were caused by defendant or resulted from its own acts, would ordinarily be raised by defendant's denial. But if defendant wishes to plead as a defense that plaintiff's losses were due to its own fault, a simple statement of that fact is sufficient.

With these suggestions I leave the drafting of any new answer to the defendant's attorney. The order appealed from should be reversed, with ten dollars costs, and the plaintiff's motion granted, with ten dollars costs, with leave to defendant to serve an amended answer within twenty days upon payment of costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the defendant to serve an amended answer within twenty days upon payment of the costs of the motion and of this appeal.