JOHN R. BURNHAM, Respondent, v. WILLIAM T. HORNADAY, Appellant.*

Third Department, March 29, 1928.

**Libel and slander — action for libel — pleadings — defenses stricken out for irrelevancies and redundancies — denials intermingled with defense stricken out.**

This is an action to recover damages for an alleged libel. It appears that the plaintiff and the defendant were members of the advisory board of the Federal Department of Agriculture on the subject of migratory birds. The present controversy arises out of interviews given by each party to a newspaper. The alleged libel consists of a charge by the defendant that the plaintiff acts in a dual capacity in that he is not only a member of the advisory board of the Federal Department of Agriculture but also president of the American Game Protective Association in which capacity he receives compensation. It is charged that the plaintiff as president of that association, which is supported largely by the manufacturers of guns and ammunition, is interested not in protecting birds but in increasing the number of birds that may be taken and that as a member of the advisory board he is in a position to formulate rules which when approved by the Secretary of Agriculture and the President have the force and effect of law.

The defenses, which contain approximately 10,000 words, are so filled with redundancies and irrelevancies that it is impossible to state just what defenses the defendant seeks to plead, though apparently he is endeavoring to plead justification, lack of malice, truth, and fair and honest criticism. The court is not required to redraft the answer and the defenses are stricken out with leave to plead over.

The court below acted properly in striking out the last part of the 9th paragraph of the denials since it is intermingled with a defense.

APPEAL by defendant from an order of the Supreme Court, entered in the office of the clerk of the county of Essex on the 3d day of September, 1927.

*Davies, Auerbach & Cornell* [*Martin A. Schenck, Nicholas F. Lenssen* and *Murray C. Bernays* of counsel], for the appellant.

*Horatio W. Thomas* [*Walter H. Pollak* and *Ruth I. Wilson* of counsel], for the respondent.

HILL, J. The complaint is for libel. The answer after making denials sets up certain defenses. The order appealed from granted plaintiff's motion in part by striking out portions of the answer. It appears that the controversy between the parties arose over interviews given by each published in the New York *Times*. Both were members of the advisory board of the Federal Department of Agriculture on the subject of migratory birds, and each claimed

* Modifying 130 Misc. 207.

to be interested in preserving wild bird life, but differed in their views as to methods. In brief the defendant charged plaintiff with having some ulterior motive and purpose in his attitude on the question.

The sting of the libelous statement is that plaintiff occupies two positions, the one private, the other official; that there is an inconsistency of obligation, because as president of the American Game Protective Association, he receives compensation which is in part dependent upon contributions made by the manufacturers of firearms and ammunition, and these manufacturers are interested in preventing restrictions of the number of birds killed by hunters in their desire to sell guns and ammunition. It is charged that in plaintiff's official capacity he is one of a group which has power to formulate rules and regulations in reference to hunting, shooting or capturing birds, which when approved by the Secretary of Agriculture and the President of the United States, have the force of law; and that plaintiff's official acts have been determined and swayed by the profit which he obtained in the private employment.

The first defense as pleaded requires thirty-six printed pages of the case, containing about 10,000 words. It includes a list of the medals and honors conferred upon the defendant by domestic and foreign societies and foreign governments, also a list of the books written by defendant, including an appreciation of one of them by the late President Theodore Roosevelt; a copy of an article published by defendant in 1908 entitled " A Sportman's Platform," and many other redundancies and irrelevancies. Jumbled up with these are allegations which might be proper in a defense of justification, others indicating a lack of malice. It would seem, however, that the defense intended by those 10,000 words was that the alleged libelous statement constituted fair and honest comment and criticism of the conduct of a public officer; and that plaintiff had initiated a public discussion, and defendant's article was a proper retort.

The second defense realleges about 7,500 words of the first defense, as a plea that the statement was true. The third defense realleges the same 7,500 words, with one additional paragraph, for a partial defense that defendant believed the statement to be true, and that it was published in good faith and without malice. These defenses are so commingled and jumbled with irrelevancies and redundancies that it is quite impossible to separate them without redrafting the pleading. This is not the duty of the court. (*International Railway Co.* v. *Jaggard,* 204 App. Div. 67; *Gutta-Percha & Rubber Manufacturing Company* v. *Holman,* 150 id. 678.) All of the defenses should be struck out, with leave to defendant to

plead over. The order of the Special Term striking out the latter portion of the 9th paragraph of the denials should be affirmed. Here there is an intermingling of defense with a denial.

The order should be modified by striking out all of the defenses, and as modified affirmed, with ten dollars costs and disbursements, with leave to defendant to serve an amended answer within twenty days, upon payment of costs.

VAN KIRK, P. J., HINMAN and DAVIS, JJ., concur; WHITMYER, J., concurs in the result.

Order modified so as to provide that all of the defenses contained in the defendant's answer be struck out, and as so modified affirmed, with ten dollars costs and disbursements to the plaintiff, with leave to the defendant to serve an amended answer within twenty days on payment of said costs.