In the Matter of the Appraisal under the Transfer Tax Law of the Estate of WALTER EDSON ANDREWS, Also Known as WALTER E. ANDREWS, W. EDSON ANDREWS and W. E. ANDREWS, Deceased.

Surrogate's Court, Bronx County, December 10, 1928.

*Hallock & Hallock*, for the executors.

*Charles A. Curtin* [*Edgar Hirschberg* of counsel], for the State Tax Commission.

SCHULZ, S.   To determine this appeal from a transfer tax order, it would have been necessary to construe the last will and testament of the decedent.   After a conference with the attorneys it was agreed that I withhold my decision of the appeal pending the determination of a proceeding to construe the will to which all of the persons interested would be parties.   The latter has been concluded and the opinion is published simultaneously herewith. (133 Misc. 365.)   The appeal may, therefore, now be decided.

The amount of $1,125.97 set forth in the first ground of appeal consists of three items: One hundred dollars for a headstone for a grave which it would appear from the record has been disallowed, $1,000 the amount disallowed in the estimated additional attorney's fees and legal expenses, and $25.97, the difference between the amount of commission requested and allowed.   Upon the argument it was stated that the item of $100, disallowed by the appraiser, was for commissions paid upon the sale of certain shares of stock and that the record had been erroneously marked, and the appeal proceeded upon that theory.

As to this item of $100, the order is affirmed, as to the sum of $25.97, the appeal was withdrawn, and as to disallowance of $1,000, the order is reversed and the matter remitted to the appraiser to enable the petitioners to present evidence to support their claim.

The sum of $500 set forth in the second ground of appeal was stated to be for taxes upon property of the decedent. It did not appear that the decedent died seized of such property, hence it was disallowed. Upon the argument it was stated that he had sold the property before his death, and that these were taxes due thereon. If that is so, the appellants should have an opportunity to submit proof. The order is, therefore, reversed as to this item and the matter remitted to the appraiser to permit the presentation of evidence in support of the payment.

The matters set forth in the third ground of appeal depended upon the construction given to the provisions of the decedent's will. The same now has been construed, the order will, therefore, be reversed as to those items and the same remitted to the appraiser to proceed pursuant to the construction which will be set forth in a decree to be entered pursuant to the opinion published herewith.

Pending this appeal, the Court of Appeals has passed upon the question of the constitutionality of taxing a life estate and also taxing the remainder at its full undiminished value. (*Matter of Hecht*, 219 App. Div. 656; affd., no opinion, 246 N. Y. 602.)* This being so, the question is no longer an open one for this court to decide.

The appraiser, therefore, will proceed in the manner indicated in *Matter of Hecht* (*supra*) after he has arrived at a proper valuation in accordance with the construction hereinbefore referred to.

Except as otherwise herein stated, the order is affirmed.

---

* Affd., sub nom. Solomon *v.* State Tax Commission, 278 U. S. 484.