JOSEPH B. MELMAN, Respondent, *v.* NEWS SYNDICATE CO., INC., Appellant.

First Department, November 3, 1933.

*Arthur Moynihan* of counsel [*DeWitt & Van Aken,* attorneys], for the appellant.

*Lester R. Bachner* of counsel [*Koenig, Bachner & Koenig,* attorneys], for the respondent.

MARTIN, J.   In this action the plaintiff seeks to recover damages for an alleged libel.   The article on which the complaint is based was published on August 21, 1931, in defendant's newspaper, *The Daily News.*

The answer admits the publication and contains a defense of justification, a partial defense in mitigation of damages, a defense of privilege in that the article was a fair and true report of public, judicial and official proceedings, and a partial defense in partial justification.

The article which was published is as follows: "Sympathy pleas of Joseph Melman, wealthy executive of Jay-Cobb Stores, Inc., availed him nothing yesterday when his wife, Hanna, who says she weighs only 200 pounds, instead of 400, as was first reported, had him arrested at his father's funeral, for failure to pay her $1,625 back alimony.

"Melman, who has been sought since his wife instituted suit against him, sent emissaries to her home, 1210 Ocean Parkway, Brooklyn, at 4 A. M. asking her not to have him arrested, so he could attend the rites.

"Thinking of her own neglect and the impoverished condition of her five children, Mrs. Melman listened to the request frigidly, asked why the children hadn't been told before of their grandfather's death and finally said 'No.'

"Mrs. Melman is facing eviction, she says, although she states her husband has an income of approximately $25,000 a year."

In the defense of partial justification, the appellant incorporated by reference the facts previously alleged in justification and in mitigation of damages.   In so far as the defense repleads the facts alleged in mitigation, it was stricken out.

The alleged libelous article relates to the death of plaintiff's father and plaintiff's efforts to attend the funeral services.   It states that he sent emissaries to his wife, Hannah R. Melman, asking her not to have him arrested, but that she, smarting over the fact that she had been grossly neglected and thinking of the impoverished condition of her five children, refused to accede to the plaintiff's request.

In its defenses of justification and mitigation of damages, the defendant has pleaded facts establishing that the plaintiff was the defendant in an action for separation instituted against him

by his wife; that a judgment was entered therein granting Hannah R. Melman a separation from the plaintiff and directing him to make certain specified payments for the support of his wife and five children; that the plaintiff failed to so provide with the result that he was adjudged guilty of contempt of court and a warrant was issued for his arrest.

The facts affirmatively pleaded attempt to establish the truth of any charge which the article makes, or which can be inferred from any reasonable interpretation thereof. As the motion in the Special Term was not to test the sufficiency in law of the defenses pleaded, but to strike out the allegations thereof upon the grounds of irrelevancy and redundancy, the question whether the justification pleaded was as broad as the charge was not before the court.

It is clear that the defendant in an action for libel is entitled to prove facts in mitigation of damage even though it is unable to justify the publication complained of in its entirety. (See Civ. Prac. Act, § 338; *Varvaro* v. *American Agriculturist, Inc.*, 222 App. Div. 213; *Goodrow* v. *Press Co., Inc.*, 233 id. 41.)

In *Goodrow* v. *Press Co., Inc.* (*supra*), the court said: " At common law, previous to the adoption of the Codes and Practice Act, facts in mitigation of damages were required to be specially pleaded and proof in mitigation was not permitted where the defendant pleaded and attempted to prove justification. The justification was required to be as broad as the libelous publication, and if he failed in his proof, the law conclusively presumed malice from the reiteration of the charges in his plea of justification. Proof in mitigation was only received when the defendant admitted the falsity of the publication, in which case he was permitted to show facts and circumstances which tended to disprove malice by showing that the defendant though mistaken believed the charge to be true when it was made. But if the facts and circumstances offered tended to establish the truth of the charge or formed a link in the chain of evidence going to make out a justification, they were not admissible in mitigation. * * * But by section 165 of the Code of Procedure, section 535 of the Code of Civil Procedure, and section 338 of the Civil Practice Act, the rule has been changed so that a defendant is now permitted to prove facts in mitigation even though he has attempted to justify and even though the facts in mitigation might partially tend to establish justification."

The facts may be pleaded in mitigation of damages, although they do not constitute a complete defense. The Civil Practice Act, section 338, provides. " In an action for libel or slander, the defendant may prove mitigating circumstances, including the sources of his information and the grounds for his belief, not-

withstanding that he has pleaded or attempted to prove a justification." (See *Bush* v. *Prosser*, 11 N. Y. 347; *Foley* v. *Press Publishing Co.*, 226 App. Div. 535; *Varvaro* v. *American Agriculturist, Inc., supra.*)

In *Osterheld* v. *Star Co.* (146 App. Div. 388) the court said: " If the defendant can establish the truth of the allegations of cruel and inhuman treatment set up, such facts would justify a jury in finding the plaintiff was so lacking in the ordinary sensibilities of man that he could not have greatly suffered in mind by the publication of the additional charge of adultery. Some of the particular acts of cruelty alleged in the original answer are of such a grave and serious character that to some minds the commission of adultery might seem the lesser offense. The commission of adultery and cruel and inhuman treatment of the wife are gross violations of marriage duties and obligations, and where both are charged in the same publication we can discover no good reason why, in an action for libel charging the falsity of one part of the article, the truth of the remaining part may not be shown, not by way of justification of the part which is false, but as showing the plaintiff has not, in fact, suffered, and should not recover the same damages he otherwise would be entitled to recover if the whole were false.

" Such evidence is technically neither justification nor mitigation, but simply evidence limiting the recovery for compensatory damages to the actual damages sustained, and works no hardship on the plaintiff."

The second separate defense, which was stricken out in its entirety by the court, is a partial defense in mitigation of punitive damages and is expressly designated as such.

In *McAvoy* v. *Press Pub. Co.* (164 App. Div. 355) the court held such a defense good, and said: " All of the allegations which have been stricken out tend to show that the article published was true in whole or in part, and relate to nothing else. The plaintiff's position seems to be that the defendant should know which parts of the article he will claim on the trial relate to him, and that it should be confined to such parts in its justification and in pleading facts in mitigation. We are of opinion that that position is untenable. On the plaintiff's pleading the entire article will be before the court and jury, and the defendant is likewise entitled to have its claim with respect to the truth of the article, or of certain parts of it, presented by its pleading. It will then be for the court to limit the evidence to those parts of the article which are material either to the plaintiff's case or to the defense. The plaintiff, having pleaded the entire article, and having success-

fully opposed defendant's motion to eliminate part of it, cannot now be heard to complain that he is aggrieved by defendant's pleading the truth of the whole or any part of the article. (See *Stokes* v. *Star Co.*, 69 App. Div. 21; *Hamilton* v. *Hamilton*, 124 id. 619; *Bradner* v. *Faulkner*, 93 N. Y. 515.) " (See, also, *Foley* v. *Press Publishing Co.*, *supra*.)

The facts pleaded in mitigation and partial justification which have been stricken out, are facts which tend to show that portions of the articles are true and which, if proved, would limit the actual damages to which plaintiff might be entitled.

The order in so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to strike out paragraphs 4 to 12, inclusive, the allegations referred to in paragraph 16, and the last sentence of paragraph 3 denied, with ten dollars costs.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.