NICHOLAS ROERICH, Plaintiff, *v.* THE SUN PRINTING AND PUBLISHING ASSOCIATION and UNITED PRESS ASSOCIATIONS, Defendants.

Supreme Court, Special Term, New York County, May 14, 1937.

*Plaut & Davis,* for the plaintiff.

*DeWitt & Van Aken* [*Macdonald DeWitt* of counsel], for the defendants.

COTILLO, J. This action was instituted by the plaintiff against the owners of the daily newspaper known as the *Evening Sun* and also against the United Press Associations, an organization engaged in the business of dissemination of news to newspapers and periodicals.

In his complaint he has alleged two causes of action against the *Evening Sun*, asking damages in each cause in the amount of $500,000, and in his cause of action against the United Press he is asking the sum of $1,000,000. He alleges in his complaint that he is an artist, architect, archaeologist, explorer, author, poet, lawyer, botanist and an advocate of and devotee to the cause of international peace and that he was also the leader of a botanical research group organized by the United States Department of Agriculture to search for drought resisting grasses in Central Asia.

In his first cause of action against the defendant *Sun* he alleges that it wrongfully, maliciously and wickedly caused to be composed, published and circulated of and concerning him in the " Wall Street Special " edition of said paper a false, libelous and defamatory matter and attaches to the complaint and makes part thereof the said article as published. Plaintiff claims that the defendant *Sun* charged and the readers of the papers understood it as a charge that the plaintiff was suspected as a spy, meaning a person guilty of espionage, a universal crime in all the nations of the world, and that the plaintiff was charged with the crime of spying or espionage in Manchukuo by the government of that country and was suspected as a spy in China and Manchukuo and that governmental officials in high office and position and great responsibility in the areas in which the expedition headed by the plaintiff had been engaged in its work had charged the plaintiff with spying and had protested against the plaintiff to the Department of Agriculture of the United States; and further charged that the conduct of the plaintiff in the countries in which he and the expedition of which he was the leader traveled was unprecedented and that the plaintiff had wrongfully intermeddled with, interfered with and took part in and became entangled in the politics of China and Manchukuo and had come to be regarded as a spy by the officials of that country and had an evil reputation in Manchukuo and that the government of Manchukuo would arrest him and either place him in jail or deport him because he had been guilty of the crime of espionage. The plaintiff further claims that the defendant charged in its article that the government of the United States had discharged the plaintiff from his work and contract with the Department of Agriculture for cause and because of protests received by the officials of the Department of Agriculture from officials in China and Manchukuo and that the plaintiff was engaged in espionage and wrongfully engaged in the politics of those countries and because the plaintiff was regarded as a spy by the officials of Man-

chukuo and that the officials of the Department of State of the United States had some knowledge, though not official, that the plaintiff was charged with espionage.

The charge in the second cause of action is practically identical with the charge in the first cause of action and is based upon the fact that the defendant *Sun* republished the article with some additions in another edition of the *Sun* known as the Five Star Final on the same date, that is, the 30th day of January, 1936. He claims that by reason of these publications he has been greatly injured in his credit and reputation and that the said publications have exposed him to public hatred, shame, obloquy, odium, contempt, ridicule, aversion, ostracism, degradation and disgrace and has induced in the minds of right-thinking persons an evil opinion concerning him and that his name was removed therefor from a large building at One Hundred and Third street and Riverside drive which up to that time had been known as the Roerich Museum and which name had been given to the building as a monument and token of honor and respect to the plaintiff and the plaintiff's achievements.

In his cause of action against the defendant United Press Associations he makes the same claim in the first cause of action alleged against the *Sun* and claims that the articles were published and transmitted to various newspapers with the intention they should be published by these newspapers and journals throughout the world and that those newspapers and journals did publish the matter as sent by the defendant United Press.

The defendants in their answer admit the publication and admit the claim of the plaintiff to his various activities as an artist, etc., but deny any libel and deny any malicious publication of same. In addition they set up several defenses, the first defense being an allegation of truth. This defense has not been attacked by the plaintiff in the present motion but in addition to this defense the defendants have interposed a separate distinct defense consisting of forty-eight pages in which is set forth the entire history and career of the plaintiff from the time of his birth to the time of the printing of the alleged libel. They have also set up the same facts as a partial defense and in the separate and partial defense in the mitigation of damages they have set forth the same allegations with the additional allegation that prior to the publication of the articles and the matter contained in the amended complaint the accounts of matters of facts therein stated were published in newspapers and other publications in the city of New York and elsewhere and that these facts were known in substance to the defendants prior to the publication of the articles and matters complained

of and were communicated to the defendants by trustworthy persons and from trustworthy sources and were relied upon and believed to be true by the defendants in making the publications complained of and were calculated to and did induce in the defendants the belief that the publications were true.

The second separate and complete defense is what is now commonly known as the "rolled up defense." Its purpose is to set forth facts which if proven at the trial would establish the truth of all the statements of fact and the fairness of the comments contained in the publication. The pleading of such a defense has been approved in this jurisdiction. (*Foley* v. *Press Publishing Co.*, 226 App. Div. 535.) In a reading of the opinion in the *Foley* case we are taught that the nature of this defense is, "The purport of the plea is, that all the facts stated in the alleged libel are true, that there remains in the libel over and above all statements of fact certain expressions of opinion, which standing alone would be libelous, but that these expressions of opinion when related to the facts proved were fair comment and that, therefore, the expression of opinion was as fully justified as the statement of fact." The court is aware of judicial opinion that the plea of fair comment can only be a defense to so much of the publication as can be said to be comment. (*Sherman* v. *International Publications, Inc.*, 214 App. Div. 437.) It is evidently because of rulings on such a defense that the present form of the rolled up defense has come into existence. In view of the alleged libel being based upon the publication which has been attached to the complaint and marked as an exhibit, the court is of the opinion that the defendants were justified in pleading what seems to be the plaintiff's biography. The motion to strike out the second and third defenses is, therefore, denied. The fourth partial defense will be held to be sufficient in law. In mitigation of damages in suits seeking to recover damages for libel it is permissible to prove the sources of defendants' information and the grounds for their belief. (Civ. Prac. Act, § 338; *Varvaro* v. *American Agriculturist, Inc.*, 222 App. Div. 213.) Therefore, as to the fourth defense the motion to strike out is denied.