THE TRAVELERS INSURANCE COMPANY, Appellant, v. HYMAN SCHACHNER, Respondent.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

FRANK VIVENZIO, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

VERNON W. BALZER, Respondent, v. THE CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries sustained by plaintiff when he fell on snow and ice on a crosswalk in the borough of Queens. Judgment in favor of plaintiff reversed on the law, with costs, and complaint dismissed, with costs, on the ground of the insufficiency of the notice of claim and intention to sue. Lazansky, P. J., Adel and Taylor, JJ., concur; Davis and Johnston, JJ., dissent and vote to affirm.

BEATRICE VIVIEN BARNARD, Appellant, v. MARY M. REGAN, Respondent. —Plaintiff appeals from an order of Special Term (a) granting defendant's motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action, and (b) directing judgment for defendant. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

WM. U. BECKER and FREDERICK W. BECKER, as Executors, etc., of MARTHA W. BECKER, Deceased, Appellants, v. JOHN W. N. FABER and Others, Defendants; CLARA K. INTEMANN and JOHN L. KOLLE, as Executors, etc., of JOHN A. KOLLE, Deceased, Respondents.— Appeal by plaintiffs, holders of a bond and mortgage, from so much of a judgment as denies to them a deficiency judgment, if any there be after sale of the mortgaged premises, against the executors under the will of John A. Kolle, deceased, who had guaranteed the indebtedness. The Special Term has found that plaintiffs and the mortgagor modified the original agreement by reducing the interest rate and by accepting installment payments not provided in the agreement, and that the surety was discharged when the agreement, the terms of which he guaranteed, was modified. A guarantor or surety is bound by " the strict letter or precise terms " of the contract of the principal and is discharged when the agreement upon which the guarantee is based is modified without consent, even though such modification may not be prejudicial. (*Ducker* v. *Rapp*, 67 N. Y. 464; *Antisdel* v. *Williamson*, 165 id. 372; *Katz* v. *Leblang*, 243 App. Div. 421.) That doctrine may be harsh and inequitable, but it is not for this court to change it. Judgment, so far as appeal is taken, unanimously affirmed, with costs. Present — Davis, Johnston, Adel and Taylor, JJ.; Lazansky, P. J., not voting.