JOHN P. COHALAN, Plaintiff, *v.* NEW YORK WORLD-TELEGRAM CORPORATION and ROY W. HOWARD, Defendants.

Supreme Court, Special Term, New York County, November 25, 1939.

*Cohalan & Cohalan,* for the plaintiff.

*DeWitt, Van Aken & Nast,* for the defendants.

HAMMER, J. Plaintiff has sued a newspaper publishing corporation and its editor because they have admittedly caused to be published on March 1, 1939, in the New York *World-Telegram,* a daily newspaper, an editorial entitled " Cohalan Should Go," which has special reference to him and is violative of his rights.

Defendants interposed denials and two affirmative defenses, one labeled " separate," and the other " separate and partial." Plaintiff now moves under rule 109 of the Rules of Civil Practice for an order striking out parts of the answer as redundant, irrelevant, prejudicial and evidentiary " and striking out all of said affirmative defenses on the ground that they are so commingled with irrelevancies that it is impossible to separate them without redrafting the pleading."

It is elementary that a pleading should contain " a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved " (Civ. Prac. Act, § 241), and New York favors " a general and consistent adherence to the simpler forms of pleading." (*Payne* v. *New York, Susquehanna & Western R. R. Co.,* 201 N. Y. 436, 445.) It is also hornbook learning, however, that if " truth " is pleaded as a defense to a libel action, a pleading which is more evidentiary than ultimate in its statement of the facts is not only permissible, but required. (*Wachter* v. *Quenzer,* 29 N. Y. 547, 552; *Fry* v. *Bennett,* 5 Sandf. 54.)

In the *Wachter* case it was stated by Denio, Ch. J. (at p. 552):
" Take, for instance, a charge that one is a thief or a murderer, or
that he has committed perjury. A statement in the answer that
the words are true would not be a justification, and it would fall
just as far short of being a statement of facts to be proved by way
of mitigation. It is a statement of nothing. It is simply a repeti-
tion of the libel."

In the case at bar the plaintiff recognizes all these principles, but
argues that a plea of " fair comment " differs from a plea of " truth,"
and urges that in a " fair comment " plea " only those facts can be
stated which relate to acts of the plaintiff." He also urges that the
publication complained of exceeds the limits of fair comment as a
matter of law by imputing corrupt and dishonorable motives in
its " attacks " upon the individual as distinct from his work. The
defendants, on the other hand, argue that the publication complained
of " is not a charge of corruption or of dishonorable motives."

Before exploring these arguments at length, we observe that the
plaintiff's motion under rule 109 admits, *arguendo*, all the well-
pleaded and material facts stated in the answer. It also searches
the record and tests the sufficiency of the complaint. I find that
the complaint states a cause of action and that the publication
therein set forth is libelous as stating of a judge that he is unfit;
that he tried to pervert justice; that he deliberately suppressed
testimony; that he was prejudiced; that he should be removed under
the law and that the court and public have not confidence in him.
As stated in *Cohalan* v. *New York Press Co., Ltd.* (212 N. Y. 344,
at p. 347), " malice may be inferred from the falsity of a defamatory
publication." This inference of the law establishes a *prima facie*
cause of action upon the face of the complaint. (*Callahan* v.
*Israels*, 140 Misc. 295.)

There are, however, four defenses to a publication which is
libelous *per se*, viz., (a) truth, (b) privilege — absolute or qualified,
(c) fair report of an official proceeding, and (d) fair comment on a
matter of public interest. The first defense in defendants' answer
throws (a) and (d) into one. Such a " rolled up plea " of truth
and fair comment usually takes the following form: " In so far as
the said words complained of * * * are statements of fact,
they are true in substance and in fact, and in so far as they are
expressions of opinion, they are fair comment upon the said facts
which are a matter of public interest." (*Tudor-Hart* v. *British
Union*, [1938] 2 K. B. 329; *Penrhyn* v. *Licensed Victuallers Mirror*,
[1890] 7 T. L. R. 1.)

It is discussed as follows in Gatley on Libel and Slander ([3d ed.]
p. 532):

" There has been a considerable divergence of judicial opinion as to the precise nature of what is called ' the rolled-up plea ' ever since it was sanctioned in *Penrhyn* v. *Licensed Victuallers Mirror*, [1890] 7 T. L. R. 1. Some judges have treated it as containing two separate defenses — justification and fair comment — rolled into one. Other judges have expressed the opinion that it raises one defence only, that being the defence of fair comment, and this opinion is confirmed by the House of Lords in the leading case of *Sutherland* v. *Stopes*, [1925] A. C., at pages 62, 77 and 99. ' It is an essential part of that plea, and the proper preamble to that plea, for the defendant to state that the matters on which he comments involve no misstatements of fact; in other words, that he has made no misuse of the materials upon which his comments are founded. No more than that is meant by the words ' in so far as the said words consist of statements of fact, the same are true in substance and in fact.' ' The averment that the facts were truly stated, * * * is merely to lay the necessary basis for the defence on the ground of fair comment. This averment is quite different from a plea of justification of a libel on the ground of truth, under which the defendant has to prove not only that the facts are truly stated but also that any comments upon them are correct.'

" The rolled up plea raises two distinct issues, viz.: (1) the truth of the statements of fact, and (2) the fairness of the comment, and the parties are entitled to have these two issues submitted separately to the jury with a proper and adequate direction. * * * The proper questions to the jury are: (1) Are the words complained of statements of fact or expressions of opinion, or partly one and partly the other? (2) In so far as you find that they are statements of fact, are such statements of fact true? (3) In so far as you find that they are expressions of opinion, do such expressions of opinion exceed the limits of fair comment?"

The learned author also states:

" Words which, taken by themselves, would appear to be a positive allegation of fact, may be shown by the context to be a mere expression of opinion or argumentative inference. To write of a man that he is ' a disgrace to human nature ' is a defamatory allegation of fact. But if the words were, ' He murdered his father, and therefore is a disgrace to human nature,' the latter words appear from the context to be merely a comment on the fact. (PATTERSON, J., in *Cooper* v. *Lawson*, [1838] 8 A. & E. p. 752.) So the context may show that the defendant, in alleging that a public man has been guilty of some disgraceful or dishonourable conduct, or has been actuated by corrupt or dishonourable motives, bases such allegations on facts which he truly states or clearly refers to

in the article complained of. In such a case his allegations, if fairly warranted by these facts, may be defended as comment on, or reasonable inference from, such facts. It is for the jury, subject to the direction of the judge, to decide whether in the particular case the defendant's allegations are allegations of facts or expressions of opinion, and, if expressions of opinion, whether such expressions of opinion are fairly warranted by the facts truly stated or referred to." (Gatley on Libel and Slander, [3d ed.] p. 373.)

The plaintiff strenuously urges that the question of whether or not the article in question exceeded the bounds of fair criticism and comment is " a question of law for the determination of the court " and that the plea of fair comment can only be a defense to so much of the publication as can be said to be comment. There is authority to this effect. (*Sherman* v. *International Publications, Inc.*, 214 App. Div. 437; *Bingham* v. *Gaynor*, 141 id. 301, 313. Compare *Hamilton* v. *Eno*, 81 N. Y. 116, 122; *Evans* v. *Star Co.*, 205 App. Div. 311.) There is text authority, too, to the effect that " the law of comment and criticism is certainly in a chaotic and incomplete state, which requires analysis, clarification and simplification by the courts. The decision in *Foley* v. *Press Publishing Co.* (226 App. Div. 535) was a clear, forward, epochal step. But the whole subject needs revision." (Seelman on Libel and Slander, p. 236.)

The court at Special Term is constrained, however, to follow the *Foley* case, decided by its own Appellate Division several years after the same court had decided the *Sherman* case, which it cites in the *Foley* opinion. (*Cohalan* v. *New York Tribune*, 172 Misc. 20.)

My late brother Cotillo's decision is not here controlling or the law of this case, since the parties differ, but it is persuasive.

The plaintiff herein urges that the *Foley* case be " revalued." But revaluation of the " alleged trick symbols of justice " and the working out of new judicial formulæ are the task of the appellate courts. Courts of original jurisdiction ordinarily should follow, not make, the law. (*Bourjois Sales Corp.* v. *Dorfman*, 273 N. Y. 167.)

" Where an erroneous principle has insidiously crept into the law, the courts, instead of embalming the error by continued citation with implied approval, should rather acknowledge fallibility, admit the fault, and, by unmistakable disapproval, eradicate the error. This, however, is for the appellate courts. This court is bound by the law as they have laid it down." (*Meisel Tire Co., Inc.*, v. *Ralph*, 164 Misc. 845, 850; Cardozo, The Nature of the Judicial Process, p. 151, and the following cases: *Becker* v. *Faber*, 254 App. Div. 772; *Shelter* v. *Grobsmith*, 143 Misc. 380; *Goldsmith* v. *Outdoor Advertising Co., Inc.*, 147 id. 536; *Trapp* v. *Seaboard Surety Co.*, 161

id. 428; *Seagram Distillers Corp.* v. *Seyopp Corp.*, 2 N. Y. Supp. [2d] 550; *Matter of Andrews*, 133 Misc. 369; *Matter of Hilliard*, 164 id. 677; affd., 254 App. Div. 879; *Matter of Stevens*, 187 N. Y. 471; *Matter of Browning*, 165 Misc. 675; *Matter of Bommer*, 159 id. 511.)

It has been stated that " the law of libel is like a structure built upon a slant, it is now so top-heavy as to be in danger of collapsing." (Seelman on Libel and Slander, preface, p. 6.) Hence a few observations are here ventured.

Research has not produced a specific definition of " fair comment." Gatley on Libel and Slander ([3d ed.] p. 378) states:

" There is no specific definition of fair comment; but from the authorities it is clear that, in that a comment may be fair, the following conditions must be satisfied:

" (a) It must be based on facts truly stated.

" (b) It must not contain imputations of corrupt or dishonourable motives on the part of the person whose conduct or work is criticised save in so far as such imputations are warranted by the facts.

" (c) It must be the honest expression of the writer's real opinion."

The question of whether an editorial writer has exceeded fair criticism, is by the weight of modern appellate authorities, properly submitted to the jury, even where there may be a doubt. ( *Kenna* v. *Daily Mirror, Inc.*, 250 App. Div. 625; affd., 276 N. Y. 483; *Triggs* v. *Sun Printing & Pub. Assn.*, 179 id. 144, 154; *McInerney* v. *New York World Telegram Corp.*, 166 Misc. 266.)

When is comment " fair?" The Court of Appeals has spoken as follows: " A comment is fair when it is based on facts truly stated and free from imputations of corrupt or dishonorable motives on the part of the person whose conduct is criticized, and is an honest expression of the writer's real opinion or belief." ( *Briarcliff Lodge Hotel, Inc.*, v. *Citizen Sentinel Publishers, Inc.*, 260 N. Y. 106, 118.) (See, also, *Hoeppner* v. *Dunkirk Printing Co.*, 254 id. 95, where it is stated (at p. 106): " No comment or criticism, otherwise libelous, is fair or just comment on a matter of public interest if it be made through actual ill will and malice. * * * By actual malice is meant ' personal spite or ill will, or culpable recklessness or negligence.' ")

As stated in *Ambard* v. *Attorney-General* ([1936] A. C. 322 [P. C.] 1335): " If members of the public abstain from imputing improper motives to those taking part in the administration of justice, and are genuinely exercising a right of criticism and not acting in malice, or attempting to impair the administration of justice, they are immune." (See, also, *Burnham* v. *Hornaday*, 130 Misc. 207; modfd., 223 App. Div. 218.)

With respect to libel of judicial officers, it would appear that the law is clearly transgressed if there is invective without reasoning or discussion (*Rex* v. *White*, [1808] 1 Camp. 359), and Lord RUSSELL of Killowen, C. J., observed that there is a definite distinction between "criticism" and "scurrilous abuse of a judge and his character as a judge." (*Regina* v. *Gray*, [1900] 2 Q. B. 36.)

Gatley on Libel and Slander ([3d ed.] p. 380) states: "A newspaper may comment upon the evidence given in a court of justice. It may even criticise the conduct of a magistrate in dismissing a charge without hearing the whole of the evidence, or even comment upon the evidence given in support of the view that the charge ought not to have been dismissed; but it is not fair comment to state ' evidence which might have been adduced, but which was not adduced, or which, though adduced, was rejected, and argue therefrom that the charge was well founded, and that the accused was guilty. (*Hibbins* v. *Lee*, [1864] 4 F. & F. 243; *Helsham* v. *Blackwood*, [1851] 11 C. B. 111; *Patterson* v. *Edmonton, Ltd.*, [1908] 1 Alberta R. 477.)"

As to where the line is to be drawn between criticism on public conduct and the imputation of motives by which that conduct may be supposed to be actuated, there has been extended discussion, which appears to begin at the point where a jury may find an honest belief and that such belief was not without foundation. (*Campbell* v. *Spottiswoode*, [1863] 3 B. & S. 769, 776, 777; *Hunt* v. *Star Newspaper Co., Ltd.*, [1908] 2 K. B. 309, 320, 321.) The test of the case last cited is "whether if, and only if, the facts are substantially true, the comment made by the defendants, based upon those true facts, was fair and such as might, in the opinion of the jury, be reasonably made."

Gatley on Libel and Slander ([3d ed. 1938], at p. 385) states: "The true test is propounded by BUCKLEY, L. J., in *Peter Walker, Ltd.*, v. *Hodgson*, (1909), 1 K. B. 253: ' Is the inference the honest expression of the opinion which the defendant held upon the facts truly stated, and warranted by the facts in the sense that a fair minded man might reasonably draw from them that inference?' "

This "more flexible" rule of "greater liberty" than the rules found in the older cases is approved in New York (*Hoeppner* v. *Dunkirk Printing Co.*, 254 N. Y. 95; *Foley* v. *Press Publishing Co.*, 226 App. Div. 535; *Roerich* v. *Sun Printing & Pub. Assn.*, 163 Misc. 7.)

Accordingly, the plaintiff's motion to strike under rule 109 must be denied because "we cannot say as a matter of law that such expressions are statements of fact, nor can we determine as a matter of law that they are unfair comment upon the facts pleaded as true. A jury must decide these issues." (*Foley* v. *Press Publishing Co.*, *supra*, p. 549.)

As a partial defense the defendants reallege their "rolled up plea." This is permissible. (*Fleckenstein* v. *Friedman*, 266 N. Y. 19; *Foley* v. *Press Publishing Co., supra; Lanpher* v. *Clark*, 149 N. Y. 472, 475, 477; *Hains* v. *New York Evening Journal*, 240 N. Y. Supp. 734, 735; *Nunnally* v. *Mail and Express Co.*, 113 App. Div. 831, 835; *Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474, 480, 481; *Osterheld* v. *Star Company*, 146 App. Div. 388, 395; *Shields* v. *Chilton Co.*, 255 id. 985.)

So also are the allegations in paragraphs 37 and 38, which set forth that prior to the edition complained of there were accounts of the facts set forth therein in other newspapers and that such accounts were known to the defendants at the time of publication. (Civ. Prac. Act, § 338; *Kenna* v. *Daily Mirror, Inc., supra; Palmer* v. *Matthews*, 162 N. Y. 100; *Carpenter* v. *New York Evening Journal Pub. Co.*, 96 App. Div. 376; *Roerich* v. *Sun Printing & Pub. Assn., supra; Melman* v. *News Syndicate Co., Inc.*, 239 App. Div. 249; *Barclay* v. *Culbertson*, 243 id. 95.)

It is the burden of the publication complained of that happenings after the events of plaintiff's judicial functioning "throw back" to that date. This would appear to distinguish the case at bar from the situations above alluded to in the quotation from Gatley on Libel and Slander, at pages 380 and 381. Thus a claim of irrelevancy in that regard appears to be unfounded.

As to the alternative relief sought:

"It does not appear necessary to invoke the doctrine of such cases as *Burnham* v. *Hornaday*, 223 App. Div. 218; *International Railway* v. *Jaggard*, 204 App. Div. 67, or *Gutta Percha* v. *Holman*, 150 App. Div. 678, to the effect that.

" ' These defenses are so commingled and jumbled with irrelevancies and redundancies that it is quite impossible to separate these without redrafting the pleading.' "

Courts are reluctant to strike out alleged irrelevant or redundant matter in a pleading unless it clearly appears that the party will be prejudiced by its retention. They usually leave to be determined on the trial the competency of the testimony relevant thereto. (*Shields* v. *Chilton Company, supra; Dinkelspiel* v. *New York Evening Journal Pub. Co.*, 91 App. Div. 96; *Fleckenstein* v. *Friedman, supra; Bradner* v. *Faulkner*, 93 N. Y. 515; *Stokes* v. *Star Co.*, 69 App. Div. 21; *McInerney* v. *New York World Telegram Corp., supra.*) The case last cited states (at p. 230): "The distinction between the two [evidentiary fact and ultimate fact] is often blurred, and unless the plaintiff is prejudiced by a retention of the questioned allegations, any doubt should be resolved in the pleader's favor. * * * particularization of the facts relied upon by the defendant

will permit the plaintiff to prepare intelligently for trial and will prevent any possible surprise at the trial." ·

In the answer at bar there are, however, some allegations which are not plain and concise statements of material facts and they will be stricken out. These consist of a series of statements that defendants "beg leave" to refer on the trial to documents not annexed to the pleadings. The admissibility of documentary proof is a matter of trial practice. A document not annexed to a pleading is not part thereof, even though referred to therein. (Clark on Code Pleading, pp. 148, 346, 357; 3 Carmody's New York Practice, p. 1837; *Crossways Apartments Corp.* v. *Amante,* 213 App. Div. 430; *DuPont Automobile Distributors, Inc.,* v. *DuPont Motors, Inc.,* Id. 313; *Boiardi* v. *Marden, Orth & Hastings Corp.,* 194 id. 307; *Bandler* v. *Globe & Rutgers Fire Ins. Co.,* 205 id. 515; *Fox* v. *Stern Dental Supply Co., Inc.,* 207 id. 750; *Fahnestock* v. *Clark Henry Corp.,* 151 Misc. 593.)

Hence if there is to be a "begging of leave" that documents be received in evidence, it should occur at the trial and the pleading should not be cluttered with irrelevancies. Ultimate facts, if properly pleaded, are ample basis, not only for "leave" to adduce evidence at the trial, but for the right to do so in proof of the ultimate fact. A pleader should plead.

The following must be stricken and an amended answer should be served within ten days after service of a copy of the order entered hereon, with notice of entry thereof:

At folios 47 and 48, the last ten and one-half lines of paragraph 18, which read: " and the defendants herein beg leave to refer to and offer in evidence on the trial of this action the entire record in said disbarment proceeding, including a transcript of the testimony taken, the exhibits offered and/or received in evidence, the briefs of counsel for petitioner and respondent, and the report dated March 12, 1937 made by plaintiff as such Official Referee to said Appellate Division, with the same force and effect as if the same were hereto annexed and made part of this answer, the annexing of the same hereto being omitted for the sake of brevity in pleading."

At folio 56, the last eight lines of paragraph 19, which read: " The defendants herein beg leave to refer to and offer in evidence on the trial of this action the aforesaid opinion of said Appellate Division and the record and briefs of counsel in the disciplinary proceeding wherein the said opinion was rendered, with the same force and effect as if copies thereof were hereto annexed and made parts of this answer, the annexing of the same hereto being omitted for the sake of brevity in pleading."

At folio 60, the last six lines of paragraph 20, which read: " The defendants herein beg leave to refer to and offer in evidence on the trial of this action the said indictment, with the same force and effect as if a copy thereof were hereto annexed and made a part of this answer, the annexing of the same hereto being omitted for the sake of brevity in pleading."

At folio 63, the last six lines of paragraph 21, which read: " The defendants herein beg leave to refer to and offer in evidence on the trial of this action the said indictment, with the same force and effect as if a copy thereof were hereto annexed and made a part of this answer, the annexing of the same hereto being omitted for the sake of brevity in pleading."

At folio 66, the last eight lines of paragraph 23, which read: " The defendants herein beg leave to refer to and offer in evidence on the trial of this action the record of the said two trials of said James J. Hines, including the testimony given thereat, or so much thereof as may then appear to be relevant and material, with the same force and effect as if the same were hereto annexed and made a part of this answer, the annexing of the same hereto being omitted for the sake of brevity in pleading."

At folios 68 and 69, the last eleven lines of paragraph 24, which read: " The defendants beg leave to refer to and offer in evidence on the trial of this action the testimony as later developed by said Special Deputy Assistant District Attorney Dewey as aforesaid and given on the trial of said James J. Hines by the said George Weinberg, Harry Schoenhaus, Wilfred Brunder, Alex Pompez, Joe Ison, and others, or so much thereof as may then appear to be relevant and material, with the same force and effect as if the same were hereto annexed and made a part of this answer, the annexing of the same hereto being omitted for the sake of brevity in pleading."

At folio 138, the last eight lines of paragraph 31, which read: " The defendants herein beg leave to refer to and offer in evidence on the trial of this action a transcript of the entire testimony given and admissions made by said Dixie Davis on the witness stand in the first Hines trial aforesaid, with the same force and effect as if the same were hereto annexed and made a part of this answer, the annexing of the same hereto being omitted for the sake of brevity in pleading."

At folios 147 and 148, the last five and one-half lines of paragraph 37, which read: " Defendants beg leave to offer in evidence upon the trial of this action copies of such accounts and comments so published as aforesaid, or so much thereof as may then appear to be relevant and material, with the same force and effect as if copies thereof were hereto annexed and made parts of this answer."