MARINO LA ROCCO, Plaintiff, *v.* FREEDOM OF THE PRESS CO., INC., et al., Defendants.

Supreme Court, Special Term, Nassau County, June 15, 1943.

*Benjamin Barondess* for plaintiff.

*Edward Kuntz* for defendants.

HOOLEY, J. Motion to dismiss the first defense for insufficiency under rule 109 of the Rules of Civil Practice, or, if that motion be denied, to strike out paragraphs 4 to 21 of the first defense under rule 103 and also to dismiss the second defense for legal insufficiency pursuant to rule 109.

The action is for libel. The defendants publish the newspaper, the *Daily Worker*. It is alleged that plaintiff was libeled by the publication in that paper of an article headed " Italian Fascist Terror Exposed on Long Island." In the article the plaintiff was referred to as " a fascist speaker " and it was set forth that the plaintiff in a speech made on a street corner said: " Mussolini will beat the devil out of the United States and will come over here." The newspaper article then described various incidents in which other persons were named, tending to show an extensive fascist movement at Inwood, L. I.

The motion insofar as it seeks to dismiss the first defense under rule 109 is denied. It is claimed that the justification pleaded is not as broad as the libel. The writer of the article had a perfect right to describe a series of incidents involving various persons, if the same were true, and to comment fairly upon those facts. The article in question did not libel this plaintiff except in the manner hereinbefore set forth. Even in time of peace, and surely in time of war, a newspaper may publish a series of true incidents involving persons, which incidents taken together lead to a conclusion that a movement is afoot that is inimical to the safety of our country, and comment fairly thereupon. It may well be that the persons involved in each incident know nothing of the movement itself. To hold that the persons mentioned in each incident in such an article are libeled with the whole thereof would, in effect, prevent the publication of anything beyond the immediate incident.

The article in question did not name the plaintiff as one of the leaders, which would charge him with knowledge of the facts contained therein, nor did it directly charge him with such knowledge. It merely described him as a person involved in one of the incidents, and the pleader was not obliged to justify anything published in the article except as it concerned this plaintiff.

The motion, insofar as it seeks to strike out of the first defense the allegations of paragraphs 4 to 21, pursuant to rule 103, is denied. This defense after pleading the truth of the publication sets forth various incidents tending to associate the plaintiff with fascist activities. Some of these incidents, as pleaded, are evidentiary in form. However, this is proper pleading. In *Wachter* v. *Quenzer* (29 N. Y. 547) it was held that if truth is pleaded as a defense to a libel action a pleading which is more evidentiary than ultimate in its statement of the facts is not only permissible but required. (See *Cohalan* v. *New York World-Telegram Corp.*, 172 Misc. 1061.) Upon the trial plaintiff will claim that he has been libeled by being charged with being a fascist. Surely, under a plea of truth, the defendants may set forth all the incidents they know of which connect the plaintiff with the fascist party. Nor is it improper to go back to the years 1936 or 1937 to trace plaintiff's connection with such group or movement. A long history of connection with fascism would tend to prove that plaintiff is still a fascist and would be important in establishing the pleader's defense of truth. The last portion of the motion seeks to strike out the second defense for legal insufficiency pursuant to rule 109. The defense pleaded is evidently intended as the one which is known as "fair comment on a matter of public interest." Those words do not necessarily have to be used in a pleaded defense of fair comment. The pleader has alleged in this defense, in effect, that (1) the article related to matters of public concern and importance; (2) that in such matters the defendants and the public generally had an interest; (3) that the publication was made in the public interest without malice and in good faith; (4) that the publication was made in the belief that the matters published were true; and (5) that there was reasonable cause for such belief. Nevertheless, the defense as pleaded is insufficient to constitute a complete defense. As it stands, it is proper as a partial defense. Its weakness as a complete defense is that under a plea of fair comment in a matter of public concern the facts therein stated must be true and the writer is given a certain leeway in commenting thereon. (Gatley on Libel and Slander [3d ed.] p. 378.) But here the pleader alleges merely that the facts published were believed by him to be true and the defendants had reasonable grounds to believe that the same were true. This portion of the motion is granted, with leave to defendants to plead over as to the second defense within ten days after service of the order hereunder. Settle order on notice.